UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

E-filing

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
                Plaintiff,  )
 )
        v.                  ) Civil Action No. 07-407 (EGS)
 )
KENT H. ROBERTS, )
 )
                Defendant.  )

EDL

### MEMORANDUM OPINION

Plaintiff the Securities and Exchange Commission ("SEC") filed suit against defendant Kent Roberts for violations of the Securities and Exchange Act and rules thereunder. The United States has also filed a criminal case against Roberts based on the same underlying conduct in the Northern District of California. Defendant moves to transfer this case to the Northern District of California. In addition, the United States has moved to intervene in this case in order to request a stay of discovery, and also moves to stay discovery. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court concludes that the most appropriate venue for this case is the Northern District of California, and therefore defendant's motion to transfer is **GRANTED** and the United States' motion to intervene and stay discovery is **DENIED without prejudice**.



United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By
    Deputy Clerk

**BACKGROUND**

The SEC brings this civil enforcement action seeking disgorgement, civil penalties, and injunctive relief arising out of alleged violations of various provisions of the Securities and Exchange Act of 1934 ("Exchange Act"). Defendant served in various capacities as an in-house attorney at McAfee, Inc. ("McAfee") for a number of years until 2006. McAfee is a publicly traded company that manufactures computer network security and anti-virus products, and maintains its principal office in Santa Clara, California, within the Northern District. At this point, approximately 200 employees work in the Santa Clara office and 700 employees, including some in the legal and audit departments, work in the company's Plano, Texas office, which opened in January 2003. Most of the company's critical functions were moved to the Plano office in 2003. Apparently, they had been located in Santa Clara before that point. At all relevant times, defendant was employed in the legal department based in Dallas or Plano, Texas.

The SEC alleges that Roberts falsified documents relating to stock option grants awarded to himself and other executives at the company, and that he made or assisted others in making false statements in proxy statements and stock ownership reports filed with the SEC. Specifically, the SEC alleges that defendant improperly altered the grant date for options awards in 2000 and

2

2002 with regard to awards to himself and McAfee's then-CEO George Samenuk. The SEC also alleges that defendant filed false and misleading statements with the SEC in 2002 and 2003 with regard to these option grants as well as to another option grant to a McAfee division president.

The SEC filed its complaint in this Court on February 28, 2007. Defendant filed his answer on May 3, and soon thereafter filed his motion to transfer. The United States filed its indictment against Roberts on February 27, 2007, in the Northern District of California, which charges Roberts with two counts of mail fraud, one count of wire fraud, three counts of filing false SEC statements, and one count of falsifying records and accounts. Indictment, CR-07-100-MHP (N.D. Cal.), Def.'s Ex. A. According to the United States in its motion to intervene, the "allegations and facts at issue in the SEC's complaint and the criminal indictment are virtually identical," as they allege the same scheme to defraud and are based on the same chronology of events. Roberts made his initial appearance in the criminal case on March 1 and pleaded not guilty to all charges.

## ANALYSIS

As an initial matter, defendant briefly argues that venue is not proper in this Court. Section 27 of the Exchange Act is the basis for venue in this case, which states that venue is proper in any district where the defendant "transacts business." 15

U.S.C. § 78aa. The D.C. Circuit has held that the act of filing SEC documents has a locus in the District of Columbia, and therefore that "venue for civil enforcement actions of the Commission, involving reports required to be filed in the District of Columbia, is here." *SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 n.12 (D.C. Cir. 1978).

The federal venue transfer statute states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This section applies to special venue provisions, including the provision for securities actions. *Savoy*, 587 F.2d at 1153. The moving party bears the burden of showing that transfer under this statute is proper. *Shenandoah Assocs. Ltd. P'ship v. Tirana*, 182 F. Supp. 2d 14, 25 (D.D.C. 2001). The statute provides for a flexible and individualized analysis that "place[s] discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

To show that transfer would be proper, the defendant must first establish that the plaintiff could have brought the action in the proposed transferee district. *Lentz v. Eli Lilly & Co.*,

4

464 F. Supp. 2d 35, 36 (D.D.C. 2006). Next, the defendant must demonstrate that private- and public-interest factors weigh in favor of transfer. *Id.* at 37. The private-interest factors include: (1) the plaintiff's forum choice, (2) the defendant's forum choice, (3) where the claim arose, (4) the convenience of the parties, (5) the convenience of witnesses to the extent that they may be unavailable for trial in one of the fora, and (6) the ease of access to sources of proof. *Id.* The public interest factors include: (1) the proposed transferee district's familiarity with the governing law, (2) the relative congestion of the transferor and potential transferee courts, and (3) the local interest in adjudicating local controversies at home. *Id.*

With regard to the threshold question, plaintiff does not dispute that the case could have been brought in the Northern District of California. This is clear because federal courts have federal question jurisdiction over the case, 28 U.S.C. § 1331, and venue would be proper because civil cases can be brought in the same district where the accompanying criminal case is brought, 15 U.S.C. § 78aa. Thus, the Court must evaluate the various factors.

**I. Private-Interest Factors**

The first private factor is the plaintiff's choice of forum, which is the District of Columbia. While courts usually defer to a plaintiff's choice of forum, the court will afford

5

"substantially less deference" to that choice when the plaintiff does not reside in the chosen forum or when the claim lacks a substantial connection to the chosen forum. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 72 (D.D.C. 2005). On the other hand, the presumption in favor of a plaintiff's choice of forum is stronger in cases arising under the federal securities laws because the specific venue provision evinces Congressional intent to allow plaintiffs in securities cases the widest possible choice of forums in which to sue. *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Resources, Inc.*, 196 F. Supp. 2d 21, 35 n.9 (D.D.C. 2002).

Plaintiff, in some sense, does reside in this district as the SEC's main office in here and the staff who have worked on this case are also located in this district. *See In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (factoring in the location of the SEC's offices in evaluating proper venue). As defendant notes though, the SEC also has a regional office in the Northern District of California. Moreover, there is no substantial connection between this case and this forum. The only connection between the facts of this case and this district is that the SEC filings are formally filed in Washington, D.C. "Outside of the filings themselves, no underlying operative facts arose in the District of Columbia." *SEC v. Ernst & Young*, 775 F. Supp. 411, 414 (D.D.C. 1991). Being the mere destination of the

SEC filings cannot be regarded as a substantial connection though, because otherwise, "every organization across the country that is required to file documents with an agency in Washington could be forced to travel here to defend against as yet unproven charges." See id. at 415. While plaintiffs in securities cases normally receive a strong presumption in favor of their forum choice, such a presumption is misplaced here because this district is unconnected to the facts of this case other than being the destination of the SEC filings, which would occur in the mine run of cases brought by the SEC. Deference to plaintiff's forum choice is also inappropriate because it is based on "minor litigational inconveniences seemingly present in any enforcement action brought in a city other than the one where the agency is located," and thus raises concerns that "relate far more to the convenience of SEC attorneys than to the SEC itself." Id. Therefore, the Court finds this factor of little weight in the analysis.

The second private factor is the defendant's choice of forum, which is Northern California. While a defendant's choice of forum may not be entitled to weight if the defendant does not reside in his chosen district, there are additional circumstances here that give weight to defendant's choice. Specifically, defendant is facing criminal charges in Northern California stemming out of exactly the same conduct at issue in this case.

Thus, the federal government has filed two cases against the defendant at the same time and regarding the same conduct on opposite ends of the country. In addition, two shareholder derivative suits, one in federal court and one in state court, have been brought against McAfee and its officers, including defendant, in Northern California regarding the same conduct in part. Thus, even though defendant does not reside there, he will be litigating closely related cases in Northern California, which gives him a substantial connection to that district.

The third private factor is the where the claim arose. Defendant contends that many underlying acts took place in Northern California at McAfee's headquarters, including an internal investigation into the stock options practices and several key meetings of the Board of Directors and the Compensation Committee. Plaintiff points out that relevant events also occurred in New York and Texas, and that some meetings were conducted telephonically with participants in multiple locations. The only underlying event that occurred in this district, however, is the filing of the SEC forms. As at least some of the substantive events in this case occurred in Northern California, this factor weighs in favor of transfer.

The fourth private factor is the convenience of the parties. Northern California is more convenient for defendant because he is defending himself in related actions in that district. This

district is more convenient for plaintiff because, even though the SEC has a regional office in San Francisco, the staff working on this case are located here.  Therefore, this factor does not weigh on either side of the balance.

The fifth private factor is the convenience of the witnesses.  The parties have significant disputes over which witnesses would be relevant to this case.  Defendant identifies 21 relevant witnesses, of whom 14 reside in California or nearby states, and none of whom reside in the District of Columbia.  These witnesses are or were members of McAfee's board of directors, senior officers in the company, or employees in the Human Resources department.  Plaintiff contends that defendant's list of witnesses is over-inclusive and duplicative, and that none of the "most important witnesses" reside in California.  Plaintiff concedes though that two of the members of the special committee assigned to investigate the stock options practices reside in Northern California.  Significantly though, no witnesses on plaintiff's witness list reside in the District of Columbia.  Even without resolving exactly which witnesses would be relevant at trial — a mostly speculative task at this point because discovery has not even begun — it is clear that more relevant witnesses reside in Northern California than in the District of Columbia.  Therefore, this factor weighs in favor of transfer.

The sixth private factor is access to sources of proof. Defendant contends that many documents and possible witnesses are located in Northern California, in and around McAfee's headquarters. Plaintiff flatly asserts that all relevant evidence is now located in Plano, Texas. The only proof that plaintiff points to in this district is the SEC's investigative file. However, the "SEC may not use its subpoena power to transport documents from the forum where they were created, and/or where the events underlying them occurred, to an otherwise inconvenient forum and then argue that by doing so it has transformed that otherwise inconvenient forum into one where suit can be sustained, insulated from transfer." *Ernst & Young*, 775 F. Supp. at 415. As it seems likely that there is at least some relevant evidence at McAfee's headquarters, and no evidence is in this district, this factor weighs somewhat in favor of transfer.

**II. Public-Interest Factors**

The first public factor is the transferee court's familiarity with the governing law and factual issues in this case. *See Weinberger v. Tucker*, 391 F. Supp. 2d 241, 245 (D.D.C. 2005) (holding that a relevant factor is "whether one circuit is more familiar with the same parties and issues or related issues than other courts"). There is no difference with regard to knowledge of governing law because this case involves federal securities law. *See Valley Cmty. Pres. Comm'n v. Mineta*, 231 F.

Supp. 2d 23, 45 (D.D.C. 2002) ("As the action concerns federal law, neither court is better suited than the other to resolve these issues.").

The proposed transferee district, however, would be more familiar with the facts of this case. The criminal case brought in parallel with this action is based on the identical set of underlying acts, and judicial economy would be served by trying both cases in the same district. Plaintiff contends that the existence of the parallel criminal case is irrelevant because it could not be consolidated with this case. *See Nat'l Bank of Washington v. Mallery*, 669 F. Supp. 22, 29 (D.D.C. 1987). The United States' motion to intervene for the purposes of moving to stay discovery demonstrates though that the cases are closely related, and a court handling both would be in a better position to manage and supervise discovery and trial in each case. *See* N.D. Cal., Civil L. R. 3-12 (defining related cases for purposes of judicial assignment). Moreover, the United States has stated in its motion that "if Roberts is convicted, he may be precluded from re-litigating in the civil proceeding facts relating to his participation in the fraud." If a case will involve the preclusive effect of a prior case, the interests of justice strongly support a transfer to the court that handled the prior case. *Weinberger*, 391 F. Supp. 2d at 245. Therefore, this factor weighs strongly in favor of transfer.

The second public factor is the relative congestion of the courts. The defendant points out that the median time from filing to disposition or trial is greater in this district than in the Northern District of California. Thus, this factor weighs slightly in favor of transfer.

The third public factor is the local interest in adjudicating local controversies at home. As McAfee's headquarters is in Santa Clara, all the related lawsuits have been brought in Northern California, and no substantial underlying acts occurred in the District of Columbia, this case is clearly more of a local controversy in the transferee district than it is here. Therefore, this factor weighs in favor of transfer.

## CONCLUSION

As both the private- and public-interest factors weigh in favor of transfer, the Court **GRANTS** defendant's motion to transfer the case to the Northern District of California. As the transferee court should then resolve the United States' motion to intervene, and related questions regarding discovery, the Court **DENIES without prejudice** the United States' motion. An appropriate order accompanies this opinion.

**Signed:    EMMET G. SULLIVAN**
            **UNITED STATES DISTRICT JUDGE**
            **July 10, 2007**