UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

KENT H. ROBERTS,

        Defendant.

CASE NUMBER 1:07CV00407

JUDGE: Emmet G. Sullivan

## DEFENDANT KENT H. ROBERTS' ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF

### Answer to Allegations of the Complaint

Defendant Kent H. Roberts ("Defendant") hereby answers the Complaint for Injunctive Relief ("Complaint") of Plaintiff Securities and Exchange Commission ("Plaintiff") as follows. Each paragraph herein responds to the corresponding numbered paragraph of the Complaint. Except as otherwise indicated, Defendant denies each and every allegation of the Complaint.

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that at various times, he formerly held the titles of General Counsel and Corporate Secretary of McAfee; that he was formerly an executive vice-president of McAfee; and that he was one of many persons who assisted in the preparation of McAfee's 2002 and 2003 proxy statements.

2. Denies each and every allegation contained in paragraph 2 of the Complaint.

3. Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that by its Complaint, Plaintiff purports to seek an order enjoining Defendant from violating certain stated provisions of the federal securities laws.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in paragraph 6 of the Complaint.

7. Admits the allegations contained in paragraph 7 of the Complaint, except denies that he joined McAfee Associates, Inc. on April 13, 1998.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies each and every such allegation.

10. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies each and every such allegation.

11. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies each and every such allegation.

12. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies each and every such allegation.

13. Denies each and every allegation contained in Paragraph 13 of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of the Complaint.

16. Denies each and every allegation contained in paragraph 16 of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that McAfee terminated his employment.

19. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies each and every such allegation, except admits that McAfee's Compensation Committee met on January 15, 2002.

20. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies each and every such allegation.

21. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies each and every such allegation.

22. Denies each and every allegation contained in Paragraph 22 of the Complaint, except admits that the quoted language appears in the minutes of the January 15, 2002 Compensation Committee meeting.

23. Denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Denies each and every allegation contained in Paragraph 24 of the Complaint, except admits that McAfee filed a Current Report on Form 8-K with Plaintiff on or about December 29, 2006.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint, except admits that McAfee filed a proxy statement with Plaintiff on or about November 14, 2003 and that he was one of many persons who assisted in the preparation thereof, and states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what disclosures were required to be made therein, and therefore denies said allegations.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint, except admits that the 2003 proxy statement contained certain statements concerning his compensation for fiscal year 2000.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint, except admits that the 2003 proxy statement contained certain statements concerning the compensation of McAfee's CEO.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint, except admits that McAfee filed a proxy statement with Plaintiff on or about April 11, 2002 and that he was one of many persons who assisted in the preparation thereof, and states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning what disclosures were required to be made therein, and therefore denies said allegations.

29. Denies each and every allegation contained in Paragraph 29 of the Complaint.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies each and every such allegation.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence thereof, and therefore denies each and every such allegation.

33. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies each and every such allegation.

34. Is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies each and every such allegation.

35. Denies each and every allegation contained in Paragraph 35 of the Complaint, except states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences thereof, and therefore denies each and every such allegation.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint, except admits that the closing prices of McAfee stock on October 30, 2001 and December 3, 2001 were $18.95 per share and $22.08 per share, respectively.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint.

38. In response to the allegations contained Paragraph 38 of the Complaint, incorporates by reference his responses to Paragraphs 1 through 37.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint.

41.	In response to the allegations contained in Paragraph 41 of the Complaint, incorporates by reference his responses to Paragraphs 1 through 40.

42.	Denies each and every allegation contained in Paragraph 42 of the Complaint.

43.	Denies each and every allegation contained in Paragraph 43 of the Complaint.

44.	Denies each and every allegation contained in Paragraph 44 of the Complaint.

45.	Denies each and every allegation contained in Paragraph 45 of the Complaint.

46.	In response to the allegations contained in Paragraph 46 of the Complaint, incorporates by reference his responses to Paragraphs 1 through 45.

47.	Denies each and every allegation contained in Paragraph 47 of the Complaint.

48.	Denies each and every allegation contained in Paragraph 48 of the Complaint.

49.	In response to the allegations contained in Paragraph 49 of the Complaint, incorporates by reference his responses to Paragraphs 1 through 48.

50.	States that the allegations contained in Paragraph 50 of the Complaint are contentions of law not requiring response. To the extent a response is required, denies each and every such allegation.

51.	Denies each and every allegation contained in Paragraph 51 of the Complaint.

52.	Denies each and every allegation contained in Paragraph 52 of the Complaint.

53.	In response to the allegations contained in Paragraph 53 of the Complaint, incorporates by reference his responses to Paragraphs 1 through 52.

54.	Denies each and every allegation contained in Paragraph 54 of the Complaint.

55.	Denies each and every allegation contained in Paragraph 55 of the Complaint.

56.	Denies each and every allegation contained in Paragraph 56 of the Complaint.

### Affirmative Defenses

As and for separate affirmative defenses, Defendant alleges as follows:

#### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

1. The Complaint, and each and every claim alleged therein, fail to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

2. Each and every claim in the Complaint is barred by applicable statutes of limitations.

#### THIRD AFFIRMATIVE DEFENSE
#### (Laches)

3. Each and every claim in the Complaint is barred by the doctrine of laches.

#### FOURTH AFFIRMATIVE DEFENSE
#### (Justification)

4. Defendant was justified in doing any and/or all of the acts alleged in the Complaint.

#### FIFTH AFFIRMATIVE DEFENSE
#### (Good Faith)

5. Each and every claim in the Complaint is barred because any statements that may have been made, or acts that may have been committed, by Defendant were based on information supplied to Defendant by other persons, which information Defendant reasonably believed to be true.

#### SIXTH AFFIRMATIVE DEFENSE
#### (Ratification)

6. The allegedly wrongful acts allegedly committed by Defendant were ratified by others within or acting on behalf of McAfee Inc.

#### SEVENTH AFFIRMATIVE DEFENSE
#### (Indemnification of Corporate Officer)

7. Defendant is entitled to indemnification from his former employer, McAfee Inc., pursuant to 8 Delaware General Corporation Law §§ 145 et seq. and McAfee's certificate of incorporation and bylaws, because to the extent he performed any acts relating to the subject matter of the Complaint, he did so in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation.

#### EIGHTH AFFIRMATIVE DEFENSE
#### (Injunction; Balance of Hardships)

8. The injunctive relief sought by Plaintiff is not warranted by the balance of the hardships.

#### NINTH AFFIRMATIVE DEFENSE
#### (Absence of Pecuniary Gain)

9. The injunction, accounting, disgorgement, penalties and bar order remedies sought by Plaintiff are not warranted because Defendant did not derive any money, property or any other assets, directly or indirectly, from the conduct alleged in the Complaint.

#### TENTH AFFIRMATIVE DEFENSE
#### (Lack of Material Violation)

10. The injunction, accounting, disgorgement, penalties and bar order remedies sought by Plaintiff are not warranted because Defendant neither committed nor participated in any material violation of the federal securities laws.

#### ELEVENTH AFFIRMATIVE DEFENSE
#### (Absence of Losses to Other Persons)

11. The injunction, accounting, disgorgement, penalties and bar order remedies sought by Plaintiff are not warranted because Defendant neither committed nor participated in any conduct that directly or indirectly resulted in or created a significant risk of substantial losses to other persons.

### TWELFTH AFFIRMATIVE DEFENSE
(Inconvenient Venue)

12. Plaintiffs' choice of venue is inconvenient for the Defendant and the witnesses, and pursuant to 28 U.S.C. § 1404(a) and in the interests of justice, the Court should transfer this action to the Northern District of California, where it might have been brought.

### Prayer for Relief

WHEREFORE, Defendant prays that Plaintiffs take nothing by this action; that Defendant be awarded costs of suit and attorneys' fees; and that the Court award Defendant such other relief as the Court deems proper.

### Request for Jury Trial

Pursuant to Fed. R. Civ. P. 38, Defendant hereby requests a jury trial as to all issues.

Dated: May 3, 2007                    Respectfully submitted,

COOLEY GODWARD KRONISH LLP
Michael J. Klisch (DC Bar No. 429711)
1200 19th Street, NW
5th Floor
Washington, DC 20036
(202) 842-7800

COOLEY GODWARD KRONISH LLP
William S. Freeman (CA Bar No. 82002)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 843-5000


By: _____/s/_____
    Michael J. Klisch (DC Bar No. 429711)

Attorneys for Defendant
KENT H. ROBERTS