COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (170085) (nealsc@cooley.com)
WILLIAM S. FREEMAN (82002) (freemanws@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
EINAT SANDMAN (234776) (esandman@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:  (650) 843-5000
Facsimile:  (650) 857-0663

Attorneys for Defendant
Kent H. Roberts

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>    v.<br><br>KENT H. ROBERTS,<br><br>              Defendant. | Case No. C 07-04580 MHP<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Litigation and related cases would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA

1.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY
C 07-04580 MHP

confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal. Finally, the parties acknowledge that entering into this protective order in no way indicates the parties' agreement that any particular information designated by a party or non-party is, in fact, confidential or should otherwise be accorded confidential treatment.

2. DEFINITIONS

2.1 <u>Party:</u> any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items:</u> information (regardless of how generated, stored or maintained) the disclosure of which would harm a Producing Party's competitive position in the marketplace, or that a Producing Party in good faith believes constitutes (1) highly sensitive business information, trade secrets or proprietary information; (2) highly sensitive competitive information, such as business plans, cost and pricing information, research and development data, sales data or competitive market analysis; or (3) personal financial or medical information,

2.4 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material.

2.5 <u>Producing Party:</u> a Party or non-party that produces Disclosure or Discovery Material in this action, or that previously produced such materials to the Securities and Exchange Commission ("SEC") or Department of Justice ("DOJ"), which material is produced by the SEC in this action.

2.6 <u>Designating Party:</u> a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential".

2.8     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel: attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with the Litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13    Litigation: this action or *United States v. Kent H. Roberts*, CR 07-0100-MHP.

3.   DURATION

Even after the termination of the Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.   DESIGNATING PROTECTED MATERIAL

4.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA                                  3.                         STIPULATION AND [PROPOSED] PROTECTIVE
                                                                         ORDER REGARDING CONFIDENTIALITY
                                                                         C 07-04580 MHP

parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a) and section 4.2(d), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA                              4.                              STIPULATION AND [PROPOSED] PROTECTIVE
                                                                          ORDER REGARDING CONFIDENTIALITY
                                                                          C 07-04580 MHP

1  qualify for protection under this Order, then, before producing the specified documents, the
2  Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the bottom of each
3  page that contains Protected Material. If only a portion or portions of the material on a page
4  qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
5  (e.g., by making appropriate markings in the margins).

6     (b) <u>for testimony given in deposition or in other pretrial proceedings,</u> that the
7  Party or non-party offering or sponsoring the testimony identify on the record, before the close
8  of the deposition, hearing, or other pretrial proceeding, all protected testimony, and further
9  specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical
10 to identify separately each portion of testimony that is entitled to protection, and when it appears
11 that substantial portions of the testimony may qualify for protection, the Party or non-party that
12 sponsors, offers, or gives the testimony may invoke on the record (before the deposition or
13 proceeding is concluded) a right to have up to 20 days to identify the specific portions of the
14 testimony as to which protection is sought and to specify the level of protection being asserted
15 ("CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated
16 for protection within the 20 days shall be covered by the provisions of this Stipulated Protective
17 Order.

18    Transcript pages containing Protected Material must be separately bound by the
19 court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as
20 instructed by the Party or nonparty offering or sponsoring the witness or presenting the
21 testimony.

22    (c) <u>for information produced in some form other than documentary, and for</u>
23 <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of
24 the container or containers in which the information or item is stored the legend
25 "CONFIDENTIAL." If only portions of the information or item warrant protection, the
26 Producing Party, to the extent practicable, shall identify the protected portions, specifying
27 whether they qualify as "Confidential."

28

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA   5.   **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY**
**C 07-04580 MHP**

(d) for information previously produced to the SEC or DOJ prior to entry of this Order, the presence on the information of a legend clearly stating "CONFIDENTIAL" or "CONFIDENTIAL TREATMENT REQUESTED BY [ENTITY OR PERSON]" shall be treated, as an initial matter, as "CONFIDENTIAL," whether any Party receives them from the SEC or from a third party, except that any Party may move the Court for an order that such information not be afforded confidential treatment. To the extent that any Party wishes to use any such document (the "Using Party") in any manner inconsistent with the provisions of this Order that apply to "CONFIDENTIAL" material, the Using Party may provide notice to the entity or person that initially provided the documents to the SEC (the "Affected Party"). The Affected Party then would assume the burden, within five business days of receipt of such notice, to inform the Using Party whether the Affected Party will waive the protections afforded by this Order or certify in writing that such documents constitute "Confidential" material under Section 2.2 of this Order. If, within five business days of receipt of such notice, the Affected Party informs the Using Party that it is not waiving the protections afforded by this Order with respect to any documents, the procedures detailed in Section 5 will apply. If, within five business days of receipt of such notice, the Affected Party fails to respond with appropriate notice under this section, the Affected Party will be deemed to have agreed to waive the protections afforded by this Order.

4.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Litigation, a

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA

6.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY
C 07-04580 MHP

Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA

7.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY
C 07-04580 MHP

When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)     any individual Party;

(c)     the officers, directors, and employees (including House Counsel) of any Party to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the Court and its personnel, including in any trial or other proceeding in open court, unless the Court orders otherwise;

(f)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)     witnesses in the action to whom disclosure is reasonably necessary provided that, prior to such disclosure, such witnesses are notified that certain documents are subject to this Protective Order;

(h) the author or recipient of the document or the original source of the information;

(i) employees of the Securities and Exchange Commission or other government agencies as permitted by federal regulations.

7.3. Nothing in this order shall prevent the SEC from complying with its rights or obligations under law concerning disclosure of documents, including, but not limited to, its published Routine Uses of Information in its Forms 1661 and 1662, the Freedom of Information Act and any other statutes or rules applicable to the SEC. Persons who wish to request that documents made available to the SEC not be disclosed pursuant to the Freedom of Information Act [5 U.S.C. §552] ("FOIA") must comply with the procedures set forth in SEC Rule 17 CFR §200.83 for requesting that information not be disclosed pursuant to the FOIA. Nothing in this Order shall prevent the SEC from making use of any Material designated as Confidential Information pursuant to the SEC's published Routine Uses of Information as set forth in SEC Forms 1661 and 1662. The SEC will use good faith to provide written notice to any person who has provided any material designated as Confidential Discovery Material 10 business days prior to making any disclosure pursuant to the Freedom of Information Act or in response to any subpoena in any litigation or proceeding provided such persons have fully complied with 17 CFR §200.83 and has also sent copies of any requests pursuant to 17 CFR §200.83 to SEC counsel of record in this action.

7.4 The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA                                        9.                    STIPULATION AND [PROPOSED] PROTECTIVE
                                                                          ORDER REGARDING CONFIDENTIALITY
                                                                          C 07-04580 MHP

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA                                  10.                 STIPULATION AND [PROPOSED] PROTECTIVE
                                                                  ORDER REGARDING CONFIDENTIALITY
                                                                  C 07-04580 MHP

Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

   12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   November 15, 2007              COOLEY GODWARD KRONISH LLP


                                        /s/
                                        William S. Freeman

                                        Attorneys for Defendant
                                        KENT H. ROBERTS

DATED: November 15, 2007                                    SECURITIES AND EXCHANGE
                                                            COMMISSION

                                                            _____/s/_____
                                                            Stephen L. Cohen

                                                            Attorneys for Plaintiff
                                                            Securities and Exchange Commission

## [PROPOSED] ORDER

For good cause appearing, the foregoing Stipulation Regarding Confidentiality is approved. IT IS SO ORDERED.

Dated: _____

                                                            _____
                                                            THE HONORABLE MARILYN H. PATEL
                                                            UNITED STATES DISTRICT JUDGE

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

763113 v1/PA                         12.       STIPULATION AND [PROPOSED] PROTECTIVE
                                               ORDER REGARDING CONFIDENTIALITY
                                               C 07-04580 MHP