COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (170085) (nealsc@cooley.com)
WILLIAM S. FREEMAN (82002) (freemanws@cooley.com)
SHANNON M. EAGAN (212830) (seagan@cooley.com)
EINAT SANDMAN (234776) (esandman@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:     (650) 843-5000
Facsimile:     (650) 857-0663

Attorneys for Defendant
Kent H. Roberts

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>KENT H. ROBERTS,<br><br>                    Defendant. | Case No.  C 07-04580 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

763929 v1/PA

1    Pursuant to the Order Setting Case Management Conference dated September 18,

2    2007, plaintiff Securities and Exchange Commission ("SEC") and defendant Kent H. Roberts

3    ("Roberts") (collectively, the "Parties") hereby submit this Joint Case Management Statement and

4    request that the Court adopt it as its Case Management Order in this case.

5        **1.    JURISDICTION**

6    The Court has jurisdiction of this action pursuant to the Securities and Exchange

7    Act of 1934 ("Exchange Act") Section 27 [15 U.S.C. § 78aa].  All of the Parties have been served

8    and are subject to the Court's jurisdiction.

9        **2.    FACTS**

10    This is a civil enforcement action seeking disgorgement, civil penalties and

11    injunctive relief arising out of alleged violations of various provisions of the Exchange Act.  The

12    SEC alleges violations of 15 U.S.C. §§ 78j(b) and 17 C.F.R. §  240.10b-5 (fraud); 15 U.S.C. §§

13    78m(b)(2)(A), 78m(b)(5) and 17 C.F.R. § 240.13b2-1 (falsifying books and records); 15 U.S.C.

14    §§ 78n(a) and 17 C.F.R. §§ 240.14a-3 and 240.14a-9 (solicitation by false or misleading proxy

15    statement); 15 U.S.C. §§ 78p(a) and 17 C.F.R. § 240.16a-3 (filing false securities ownership

16    report with Commission); and 15 U.S.C. § 78t(e) (aiding and abetting).

17    Defendant Kent H. Roberts served in various capacities as an in-house attorney at

18    McAfee, Inc. ("McAfee") for a number of years until 2006.  McAfee is a publicly traded

19    company that manufactures computer network security and anti-virus products, and maintains its

20    principal office in Santa Clara, California.  The SEC alleges that Roberts falsified documents

21    relating to stock option grants awarded to himself and other executives at the company, that he

22    made or assisted others in making false statements in proxy statements and stock ownership

23    reports filed with the SEC, and that he aided and abetted McAfee's violations of the Exchange

24    Act's proxy reporting provisions.

25    Roberts has filed an Answer denying the material allegations of the complaint.  He

26    contends that he has not violated any provisions of the Exchange Act or the rules promulgated

27    thereunder.  Accordingly, he asserts that the SEC is not entitled to any relief.

28

**3.    LEGAL ISSUE**

The legal issue to be determined is whether Roberts violated certain provisions of the Exchange Act.

**4.    MOTIONS**

This case was initially brought by the SEC in the U.S. District Court for the District of Columbia.  Roberts successfully moved the court for an order transferring the case to this District, whereupon it was deemed related to the pending criminal case against Roberts, *United States v. Kent H. Roberts*, CR 07-0100-MHP.

The United States Department of Justice filed a motion to intervene and stay this case pending the completion of the criminal case.  That motion was denied by the Court on September 25, 2007.

The Parties believe this case may be resolved by summary judgment, and both parties anticipate that they may file motions or cross-motions for summary judgment.  The Parties agree that motions for summary judgment may be filed at any time permissible under Fed. R. Civ. P. 56(a) but no later than 30 days after the close of expert discovery.

**5.    AMENDMENT OF PLEADINGS**

The Parties do not expect that any other parties will be joined or that the pleadings will be amended subject to additional facts learned during discovery.

**6.    EVIDENCE PRESERVATION**

The Parties do not expect any issues with respect to evidence preservation.

**7.    DISCLOSURES**

The Parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26.  The Parties have identified persons likely to have discoverable evidence and described the relevant documents in each party's possession.  Roberts has notified the SEC that he considers the SEC's disclosures regarding computation of damages (Fed. R. Civ. P. 26(a)(1)(C)) to be inadequate. The SEC maintains, and informed Roberts, that its disclosures are adequate and that the SEC's Responses and Objections to Roberts' First Set of Interrogatories nonetheless address the issues raised to the SEC by Roberts.

1          **8.    DISCOVERY**

2                  To date, Roberts has served interrogatories and document requests on the SEC, to

3      which the SEC has responded and produced, or is in the process of producing, responsive

4      documents.  Roberts has also subpoenaed documents from McAfee, SOS, Inc.,

5      PricewaterhouseCoopers, Deloitte Touche, and Howrey LLP and numerous additional witnesses

6      whom he has subpoenaed for depositions.  Roberts anticipates the need to take more than 10

7      depositions because the allegations relate to numerous events over a 6 year period; discovery

8      from the Government (the Department of Justice and the SEC) to date has revealed the existence

9      of over 1,000,000 pages; the SEC has identified 33 potential witnesses in its initial disclosures;

10     and numerous witnesses who may have relevant information have been interviewed by the

11     Department of Justice and/or the Company's Special Committee.

12                 At this early stage of the proceeding, the SEC does not believe more than ten

13     depositions per party (or 20 total) is necessary as provided by FRCP 30.  The SEC's responds that

14     its initial disclosures identified 33 people who may have discoverable information, not 33

15     potential witnesses.  The SEC did that in an effort to be cooperative and, in doing so, exceeded its

16     obligations under FRCP 26(a).  This list, which includes numerous people with clearly

17     duplicative information, in no way indicates a belief by the SEC that these persons would

18     necessarily be called as witnesses, nor does the SEC believe all of these people need to be

19     deposed.  The SEC also notes that Roberts has copies of FBI 302s of numerous witnesses

20     interviewed by the Department of Justice.  In addition, the SEC believes that the large volume of

21     documents identified above is not indicative of a large number of relevant documents but rather

22     the extremely broad document requests by Roberts and the cooperation of the SEC (and

23     apparently DOJ, although the SEC has not been privy to Roberts' discovery conversations with

24     the DOJ) in acceding to these requests.  The SEC believes that the better procedure at this early

25     stage in the litigation is for the Court to deny Roberts' request to exceed 20 depositions until

26     Roberts can better demonstrate after substantial discovery why additional depositions are

27     necessary, as contemplated by the Federal Rules, a burden which he has not demonstrated at this

28     stage, or that the parties should revisit the issue jointly after 20 depositions to see if a stipulation

1  can be reached.  In any event, the SEC requests a limit on the number of depositions subject to

2  change at a later time.

3          The parties have begun scheduling depositions, which will commence on

4  December 10.  The parties have already agreed on dates for more than 10 depositions.

5          The parties hereby stipulate to the following discovery schedule:

6          •        Non-expert discovery shall close 7 months after the date of the Court's

7  scheduling order.

8      **9.      CLASS ACTIONS**

9          This case is not a class action.

10     **10.     RELATED CASES**

11         This case is related to *United States v. Kent H. Roberts*, CR 07-0100-MHP,

12  currently pending before this Court.  Trial in that matter is set for April 15, 2008.

13     **11.     RELIEF**

14         The SEC seeks disgorgement, civil penalties and injunctive relief.

15     **12.     SETTLEMENT AND ADR**

16         At this point, Roberts believes it is premature to determine whether the case would benefit

17  from ADR.  The SEC does not oppose that position.  There is a possibility that the case may

18  benefit from ADR near the close of discovery following the conclusion of the criminal case.

19     **13.     CONSENT TO MAGISTRATE JUDGE**

20         Roberts does not consent to proceed before a magistrate judge.

21     **14.     OTHER REFERENCES**

22         At this point, the Parties do not believe the case would benefit from other references.

23     **16.     EXPEDITED SCHEDULE**

24         The Parties do not believe the case would benefit from an expedited schedule.

25     **17.     SCHEDULING**

26         The parties hereby stipulate to the following schedule:

27         •        The last day to disclose experts and serve expert reports shall be 1 month

28  after the close of fact discovery.

763929 v1/PA

1    • The last day to make rebuttal expert disclosures and serve rebuttal expert

2    reports shall be 2 months after the close of fact discovery.

3    • Expert discovery shall close 3 months after the close of fact discovery.

4    • The last day to serve dispositive motions shall be 4 months after the close

5    of fact discovery.

6    • The pre-trial conference shall be set 30 days after the Court enters its

7    decision on the Parties' dispositive motions.

8    **18.    TRIAL**

9    Roberts has requested a jury trial and expects trial in this case to last 3 weeks.  The SEC

10    believes that trial in this matter should not take longer than 2 weeks.

11    **19.    CIVIL LOCAL RULE 3-16**

12    Pursuant to Civil L.R. 3-16, Roberts' counsel certifies that the following listed persons,

13    associations of persons, firms, partnerships, corporations (including parent corporations) or other

14    entities (i) may have a financial interest in the subject matter in controversy or in a party to the

15    proceeding, or (ii) may have a non-financial interest in that subject matter or in a party that could

16    be substantially affected by the outcome of this proceeding:  McAfee, Inc.

17    **20.    CONFIDENTIALITY – PROTECTIVE ORDER**

18    The Court entered a stipulated protective order on November 16, 2007.

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

1    **21.    OTHER MATTERS**

2    The parties do not believe any other matters need be included.

3    Dated: November 30, 2007                  Respectfully submitted,

4

5                                              COOLEY GODWARD KRONISH LLP
                                               Stephen C. Neal (CA Bar No. 170083)
6                                              William S. Freeman (CA Bar No. 82002)
                                               Shannon M. Eagan (CA Bar No. 212830)
7                                              Einat Sandman (CA Bar No. 234776)
                                               Five Palo Alto Square
8                                              3000 El Camino Real
                                               Palo Alto, CA 94306
9                                              (650) 843-5000

10

11    By:_____/s/_____
                                                   William S. Freeman (CA Bar No. 82002)

12

13    Attorneys for Defendant
                                               KENT H. ROBERTS

14    Dated: November 30, 2007                  SECURITIES AND EXCHANGE COMMISSION
                                               100 F Street, N.E.
15                                              Washington, D.C.  20549-4030
                                               (202) 551-4472
16

17    By:_____/s/_____
                                                   Stephen L. Cohen (D.C. Bar No. 478601)

18

19    Attorneys for Plaintiff
                                               SECURITIES AND EXCHANGE COMMISSION

20

21                            **[PROPOSED] ORDER**

22    IT IS SO ORDERED.

23

24    Dated: _____          _____
                                               THE HONORABLE MARILYN H. PATEL
25                                             UNITED STATES DISTRICT JUDGE

26

27

28