U.S. SECURITIES AND EXCHANGE COMMISSION
STEPHEN L. COHEN (cohens@sec.gov)
MATTHEW D. STRADA (stradam@sec.gov)
100 F Street, N.E.
Washington, D.C. 20549-4030
Telephone: (202) 551-4472
Facsimile: (202) 772-9245
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KENT H. ROBERTS,<br><br>Defendant. | Case No. C 07-04580 MHP<br><br>**STIPULATION REGARDING DEPOSITION OF KENT ROBERTS** |

WHEREAS, the Court denied the plaintiff's request to take the deposition of defendant Kent H. Roberts ("Roberts") in the above-captioned matter prior to his criminal trial currently set for April 15, 2008, in light of defendant Roberts' present intention to invoke his Fifth Amendment privilege that he not be compelled to be a witness against himself ("Fifth Amendment Privilege") in response to all questions concerning the subject matter of this action;

WHEREAS, the Court directed the parties to file a proffer reflecting this expressed intention in conjunction with the deposition topics about which plaintiff would ask Roberts at his deposition, in an effort to save the time and expense of taking the deposition prior to defendant's criminal trial;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to this Stipulation, pursuant to Rule 29 of the Federal Rules of Civil Procedure, that:

1. But for the Court's ruling referenced above, plaintiff asserts that it would notice the deposition of defendant Roberts in February 2008 pursuant to Rule 30 of the Federal Rules of Civil Procedure;

2. In such a deposition, plaintiff asserts that it would ask Roberts numerous questions related to the subject matter of this litigation, including but not limited to, questions pertaining to the following subject matters:[1]

   a. Roberts' personal and professional background;

   b. Roberts' financial circumstances;

   c. Any of the allegations in the Complaint filed by the SEC on February 28, 2007;

   d. Any pleading filed by Roberts in this action, including, but not limited to, all admissions, denials, statements, and affirmative defenses;

   e. McAfee, Inc., or any predecessor, successor, parent, affiliate, branch, subsidiary, owner, officer, director, employee, registered representative, or agent thereof, including but not limited to Network Associates, Inc. (collectively "McAfee");

   f. Roberts' employment at McAfee from 1999-2006, including but not limited to his promotion to General Counsel and Corporate Secretary, his job

---

[1] Defendant notes that these topics have been created by plaintiff, and therefore, their inclusion in this stipulation does not signify any statement by Roberts or his counsel concerning the existence or non-existence of any issues or facts.

responsibilities and actions in those positions, and his termination from McAfee in May 2006;

g. McAfee's stock options plans and accounting for stock options, including but not limited to Roberts' knowledge and understanding thereof;

h. Roberts' knowledge of McAfee's stock option policies and practices;

i. Roberts' involvement, if any, in awarding stock options to McAfee executives and employees;

j. Re-pricing of options granted to employees or principals of Stock Options Solutions, Inc. and other consultants retained by McAfee, or employees of McAfee;

k. McAfee's investigation or internal review in 2002 regarding stock options grants at McAfee, including but not limited to Roberts' knowledge and participation in such an investigation or review;

l. McAfee's company-wide stock option re-pricing in 1999, including but not limited to, any re-pricing of Roberts' options pursuant to that plan;

m. Any grants by McAfee to Roberts of options to purchase shares of McAfee common stock, including but not limited to any option to purchase 20,000 shares of McAfee common stock in 2000, and any knowledge of, or involvement in, re-pricing these options;

n. The hiring of McAfee executive Art Matin in late 2001, including, but not limited to, the date Matin began his employment at McAfee, the negotiation of Matin's employment contract, and any conversations Roberts may have had with Matin or any McAfee employee in 2001 or 2002 about the hiring or employment of Matin;

o. McAfee's grant to Art Matin of an option to purchase 500,000 shares of McAfee common stock with a grant date of October 30, 2001;

p. McAfee's grant to Art Matin of an option to purchase 100,000 restricted shares of McAfee common stock with a grant date of October 30, 2001;

q. Any filings made by Roberts or on Roberts' behalf with the SEC, including but not limited to a Form 3 filed with the SEC on or about January 10, 2002;

r. A meeting of McAfee's Board on January 15, 2002, and the Board minutes related to that meeting;

s. McAfee's grant to George Samenuk in 2002 of an option to purchase 420,000 shares of McAfee common stock, including but not limited to Roberts' involvement in the determination of the date to be used as the grant date for this option to set its exercise price;

t. Any conversations Roberts may have had with anyone about George Samenuk's compensation for 2002, including but not limited to the grant of options or restricted stock;

u. Any public filings involving McAfee, including but not limited to McAfee's proxy statements filed with the Commission on or about April 11, 2002, and November 14, 2003, and including, but not be limited to, specific disclosures in those proxy statements as alleged in ¶¶ 25-37 of the Complaint, and whether Roberts had any knowledge of, or involvement in, the drafting, editing or filing of these proxy statements;

v. Roberts' knowledge of, or involvement in, the granting of options to Board Members or Section 16 officers from 2000-2006;

w. Any discussions with officers or directors of McAfee, or McAfee's outside counsel, in May 2006 regarding the re-pricing of McAfee's grant to Roberts of an option to purchase 20,000 shares of McAfee common stock in 2000, including, but not limited to, any discussions with George Samenuk, Denis O'Leary and/or Robert Dutkowsky;

x. An internal investigation or review at by McAfee relating to option grants at McAfee in May 2006 and any involvement Roberts may have had in such an investigation or review;

y. Any exercise of, or intent to exercise, McAfee options by Roberts, and Roberts' Rule 10b5-1 trading plans in effect from 2000-2006;

z. Any account, and any transactions concerning any account, at a bank or other financial institution, or at any brokerage firm, whether foreign or domestic, (i) which account is or was in Roberts' name, (ii) in which he has or had the ability to direct or influence, directly or indirectly, through contract, arrangement, understanding, relationship, or otherwise, any transactions concerning the account, or (iii) in which he has or had the ability to receive the monies or securities, or any portion of any of the monies or securities, concerning the account;

aa. Any statements, representations, or information in Roberts' initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), dated July 24, 2007; and

bb. Any documents (i) marked as exhibits to any deposition in this action, (ii) produced in discovery in this action by any party or non-party, or (iii) otherwise relating to, referring to, regarding, describing, evidencing, or constituting any of the persons, entities, or subjects set forth in this stipulation.

3. If called upon to testify at his deposition in this action prior to the conclusion of his criminal trial, Roberts presently intends to invoke his Fifth Amendment Privilege, and in so doing would decline to answer all questions in any way related to the subject matter of this action, including but not limited to the subject matters enumerated in ¶¶ 2.a – 2.bb above.

4. In reliance upon his Fifth Amendment Privilege, Roberts would also decline to respond to any interrogatories or requests for production of documents pursuant to Federal Rules of Civil Procedure 33 and 34 served by plaintiff relating to the subject matter of this action, including but not limited to the subject matters enumerated in ¶¶ 2.a – 2.bb above, until after the conclusion of his criminal trial;

5. Roberts agrees to appear for a deposition pursuant to Federal Rule of Civil Procedure 30, prior to the Court's deadline for completion of fact discovery in this matter, regardless of whether he intends to continue to invoke his Fifth Amendment Privilege at that time.  Plaintiff may not notice Roberts' deposition, however, until after the conclusion of the criminal trial currently set for April 15, 2008, unless the close of fact discovery would precede the conclusion of the criminal trial.  Roberts reserves his right to request that the Court extend the close of fact discovery, and the SEC reserves the right to oppose such a request.

DATED: January 14, 2008

COOLEY GODWARD KRONISH LLP

_____/s/_____
William S. Freeman

Attorneys for defendant
KENT H. ROBERTS

DATED: January 14, 2008

SECURITIES AND EXCHANGE COMMISSION

_____/s/_____
Stephen L. Cohen

Attorney for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. I am a citizen of the United States and a resident of the District of Columbia. My business address is: U.S. SECURITIES AND EXCHANGE COMMISSION, 100 F Street, NE, Washington, D.C. 20549-4030. On the date set forth below, I served the following documents in the manner described below:

**PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**

[ ]  **U.S. MAIL:** I caused the above document to be placed in a sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee.

[ ]  **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier.

[X]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated below.

on the following counsel of record:

> William S. Freeman
> Cooley Godward Kronish LLP
> Five Palo Alto Square
> 3000 El Camino Real
> Palo Alto, CA  94306-2155
> freemanws@cooley.com

Executed on January 14, 2008, at Washington, D.C.

_____/s/_____
STEPHEN L. COHEN

1.

**STIPULATION REGARDING DEPOSITION OF KENT ROBERTS**
**C 07-04580 MHP**