

WILLIAM S. FREEMAN  
(650) 843-5037  
freemanws@cooley.com

VIA E-FILE

January 28, 2008

Hon. Marilyn Hall Patel  
United States District Court - Northern District of California

RE:   *SEC v. Kent Roberts,* Case No. C 07-04580 MHP

Dear Judge Patel:

Defendant Kent Roberts seeks to compel production by Howrey LLP, counsel to the special committee that investigated stock option matters for McAfee, of the following: (1) Howrey's interview notes, memoranda and/or summaries; (2) Howrey's notes of presentations it made on behalf of the special committee to the Government; and (3) communications between Howrey and McAfee's management, Audit Committee and/or Board. McAfee has waived any attorney-client privilege or work product protection that might otherwise attach to these materials by authorizing Howrey to make detailed, voluntary disclosures to numerous parties adverse to McAfee, including the SEC; the Department of Justice; McAfee directors who were both potential subjects of the investigation and defendants in derivative litigation; and plaintiffs' counsel in the derivative litigation. Roberts believes that the fact of these disclosures is not contested, but is prepared to submit documents proving each disclosure to the Court.

Disclosure to adverse parties of counsel's investigational materials results in a waiver of attorney-client privilege and attorney work product. This is not a close call; In *U.S. v. Reyes*, 239 F.R.D. 591, 602-03 (N.D. Cal. 2006), Judge Breyer noted that "every appellate court that has considered the issue in the last twenty-five years," including seven federal circuits, has disapproved selective waiver.[1] Judge Breyer held that Brocade's audit committee waived privilege and work product when counsel orally briefed the Government. *See also U.S. v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003) (Jenkins, J.).[2] In *Ryan v. Gifford*, 2007 WL 4259557, *3 (Del. Ch. 2007), the court ordered production of all communications between a special committee and its counsel after counsel briefed adverse directors.

McAfee, through its special committee's counsel, has sought to insulate itself from liability, and/or to reduce its own exposure, to the Government and civil litigants by selectively disclosing its investigation to adverse parties. Defendant Roberts requires full disclosure of investigational materials for several reasons: (1) to understand fully what McAfee told its other adversaries and is now refusing to tell him; (2) to discover information that McAfee may have decided not to share with those adversaries, but that may be highly relevant to Mr. Roberts' defense; and (3) to discover possible exculpatory evidence, which the Government might not be in a position to share with him if McAfee did not share it with the Government. There is no basis to withhold these materials from Mr. Roberts, and to do so would prejudice his defense.

Respectfully submitted,

_____/s/_____  
William S. Freeman

---

[1] The Tenth Circuit has also rejected selective waiver. *In re Qwest Comm. Sec. Litig.*, 450 F.3d 1179 (10th Cir. 2006). *Contra, Diversified Indus. v. Meredith*, 572 F.2d 596, 611 (8th Cir. 1977) (en banc).  
[2] In *In re McKesson HBOC, Inc., Sec. Litig.*, 2005 WL 934331, *9 (N.D. Cal. 2005), Judge Whyte found no waiver of work product where there were confidentiality agreements with the Government (the holdings of Judges Breyer and Jenkins on this point are *contra*); but Judge Whyte also noted that disclosure to a private entity would result in waiver.