# HOWREY LLP

4 Park Plaza
Suite 1700
Irvine, CA 92614
www.howrey.com

Robert E. Gooding, Jr.
Partner
949-721-6900 (tel)
949-721-6910 (fax)
goodingr@howrey.com

January 28, 2008

***VIA E-MAIL***

Honorable Marilyn Hall Patel
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *SEC v. Kent H. Roberts*; Subpoena to Howrey LLP

Dear Judge Patel:

    I write to provide the Court a brief synopsis of our position in advance of Wednesday's 3:00 pm discovery teleconference with you and counsel for Mr. Roberts.

    Our firm served as counsel to the Special Committee of the Board of Directors of McAfee, Inc. in conducting a broad independent investigation of McAfee's stock option granting practices and related accounting treatment from 1995 through 2006. The principal issue before the Court relates to Howrey's attorney interview notes and summaries of interviews of corporate employees conducted during the course of that investigation – classic attorney-client privilege and work product material incorporating the mental impressions, conclusions and opinions of counsel. No waiver has occurred with respect to these notes because they have not been disclosed to *any* third party – the SEC, the U.S. Attorney's office, the outside auditors, the Board of Directors, or *anyone else*.

    Mr. Roberts has already been provided, in response to subpoenas to our firm and McAfee, in excess of 20,000 pages comprising *all* of the relevant underlying source documents and emails that were analyzed in the course of our investigation, as well as a 236-page Powerpoint report presented to the Board of Directors in October 2006 and then to the SEC and the U.S. Attorney's office in November 2006. He also has been provided with a list of all the witnesses interviewed by Howrey as part of its investigation, as well as their contact information.

    Mr. Roberts cannot demonstrate a "substantial need" for the interview notes or that he is "unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. Proc. 26(b)(3). In this civil action, unlike the situation in *United States v. Reyes*, 239 F.R.D. 591 (N.D. Cal. 2006), defendant is free to depose the witnesses Howrey interviewed in the course of its investigation, and, in fact, he is in the process of doing so. Mr. Roberts is free to ask the witnesses what they knew and when they knew it and to gather any additional admissible evidence to which this mass of information may lead.

    Mr. Roberts simply has no basis for delving into the private communications and mental impressions, thoughts, opinions and legal conclusions recorded in Howrey's internal notes. We respectfully request that the Court deny Mr. Roberts' demand for these documents.

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:20986276_3

Please let us know if there is anything further that we can do to assist the Court in understanding and resolving this dispute (including full briefing and oral argument). We look forward to speaking with you on Wednesday.

Respectfully submitted,

Robert E. Gooding, Jr.

REG:kcr
cc: William S. Freeman, Esq.
    Shannon M. Eagan, Esq.
    Stephen Cohen, Esq.
    Rodney Strickland, Esq.