# EXHIBIT A

Received 05/  2007 05:04PM in 02:54 on line [4] for SF116   Pg 3/11
May. 30. 2007  4:01PM   AMERICAN ARBITRATION                    No. 4334   P. 3/11
May. 29. 2007  3:29PM   AMERICAN ARBITRATION                    No. 4291   P. 4/12

IN ARBITRATION
AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| KEVIN WEISS, | § § § | |
| Claimant | § § | |
| vs. | § | NO. 71 166 00038 07 |
| McAFEE, INC., | § § § | |
| Respondent. | § | |

## AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed that discovery in the above-captioned matter shall be subject to the following restrictions:

Claimant Kevin Weiss ("Weiss" or "Claimant") and Respondent McAfee, Inc. ("McAfee" or "Respondent") may produce copies of certain documents that the parties wish to keep confidential and desire the entry of this Agreed Protective order.

WHEREFORE, to assure that the confidential or trade secret status of the protected information sought to be discovered in this action is not inadvertently harmed; to facilitate discovery and exchange of information between the parties and all individuals, including non-parties, from whom discovery is sought; and to assure that the information identified as confidential by the deponent and/or the owner of such information is maintained as confidential, the Arbitrator ORDERS as follows:

1. **Types of Information.** Information, documents, and materials that any party (a) produces in discovery in this matter and (b) wants protected as confidential within the terms of this Order shall be labeled either "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter referred to collectively as "CONFIDENTIAL" items except where otherwise specified). Materials that a party

AGREED PROTECTIVE ORDER – Page 1 of 9
Firmwide:82520017.1 052672.1002

RECEIVED TIME  MAY. 29.  4:27PM

Received 05/  /2007 05:04PM in 02:54 on line [4] for SF116  Pg 4/11
May. 30. 2007  4:01PM   AMERICAN ARBITRATION                No. 4334   P. 4/11
May. 29. 2007  3:29PM   AMERICAN ARBITRATION                No. 4291   P. 5/12

may designate as "CONFIDENTIAL" include, without limitation, documents, electronic data, deposition or other testimony, responses to requests for production of documents and things, responses to interrogatories, and other writings and information derived therefrom, that the party has a good faith belief should be protected because they contain trade secret or confidential information belonging to that party, or because they contain sensitive business, governmental, or personal information about that party or a third party which, if disclosed, would cause irreparable harm to that party or a third party.

2. **Restrictions.**

A. <u>Confidential Information</u>. The information and material designated as "CONFIDENTIAL" pursuant to this Order shall not be used or disclosed in any manner that is contrary to the terms of this Order. Materials designated "CONFIDENTIAL" may be disclosed only to the persons authorized by this Paragraph ("Qualified Persons"), as necessary for the pursuit of a claim or defense in this lawsuit:

   (a) Kevin Weiss and McAfee, Inc.;

   (b) counsel to the parties (and, where applicable, counsel to non-parties from whom such materials are discovered) and persons regularly employed in the office of such counsel, to include hired law clerks;

   (c) outside experts or outside professional advisors retained by either of the parties to assist in the prosecution or defense of this litigation, and persons regularly employed in the offices of such experts or advisors subject to Section 3 below;

   (d) the Arbitrator, the American Arbitration Association and its

<u>AGREED PROTECTIVE ORDER</u> – Page 2 of 9
Firmwide:82520017.1 052672.1002

RECEIVED TIME MAY. 29. 4:27PM

Received 05/  /007 05:04PM in 02:54 on line [4] for SF116   Pg 5/11
May. 30. 2007  4:01PM   AMERICAN ARBITRATION                    No. 4334   P. 5/11
May. 29. 2007  3:30PM   AMERICAN ARBITRATION                    No. 4291   P. 6/12

personnel and employees, and court reporters who transcribe testimony in this case subject to Section 4 below;

(e) officers, directors, members of the board of trustees, agents, or employees of McAfee, Inc.; and

(f) such additional persons as agreed to by the parties in writing.

B. <u>Confidential – Attorney's Eyes Only Information</u>. Materials designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" may be disclosed only to the individuals identified in Paragraph 2A(b), 2A(c), and 2A(d) above. Only the individuals listed in this Paragraph 2(B) shall be considered "Qualified Persons" with respect to materials designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such materials shall not be disclosed to any party in this lawsuit.

C. <u>Use of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in Examinations</u>. Documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may also be used in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information, irrespective of which party produced such information.

D. Information Not Subject to Designation. Nothing will be regarded as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" if (i) it is information that is in the public domain at the time of the disclosure, as evidenced by a written document; (ii) the information becomes part of the public domain through no fault of the Parties, as evidence by a written document; (iii) the receiving party can show

Received 05/  /2007 05:04PM in 02:54 on line [4] for SF116   Pg 6/11
May. 30. 2007  4:01PM    AMERICAN ARBITRATION                  No. 4334   P. 6/11
May. 29. 2007  3:30PM    AMERICAN ARBITRATION                  No. 4291   P. 7/12

by written documentation that the information was in its rightful and lawful possession at the time of the disclosure; or (iv) the receiving party lawfully receives the information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

3. **Disclosure to Third Parties.** Before disclosing a CONFIDENTIAL item to any third-party Qualified Person under Section 2(A) above (i.e., a qualified person other than a party, party's counsel, or the Arbitrator), disclosing counsel shall furnish a copy of this Order to such third-party Qualified Person and obtain the person's written agreement to be bound by the terms of this Order. This requirement will be satisfied by obtaining the Qualified Person's signature on a copy of the acknowledgement attached hereto as Exhibit A. These executed acknowledgements shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record. A party or the party's attorney may disclose confidential information at a deposition to deposition witnesses who do not come within any of the descriptions set forth in paragraphs 2(a)-(g) only if the party or attorney complies with this Section 3.

4. **Deposition Procedures.** The parties may designate information or exhibits that a witness or counsel reveals or refers to in the course of a deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by noting a claim of confidentiality pursuant to this Order on the record at the time. Alternatively, the parties may designate, by mutual agreement, an entire deposition or deposition transcript and any exhibit thereto CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY. To the extent possible, the parties will try to anticipate testimony on items of this nature and will not have persons who are not Qualified Persons

in the room at the time, and/or will ask all persons in attendance at the deposition who are not Qualified Persons to leave the room or area of deposition until such testimony, discussion, or review of the confidential information is completed. Moreover, any portion of a deposition transcript not so designated at the time the testimony is given shall nevertheless be treated as CONFIDENTIAL under this Order for an examination period of ten (10) days after the party receives the witness' transcript. This examination period is provided to permit the party or witness time to designate testimony or items as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that may not have been identified during the deposition itself. The court reporter shall thereafter mark the face of each page containing testimony that has been designated as confidential with a mark or stamp saying: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," whichever is relevant. Whenever any confidential document is identified or marked as an exhibit in connection with deposition testimony given in these proceedings, it shall be kept separate from the other exhibits and placed in an envelope labeled "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," whichever applies. Once the written transcript is marked and prepared in the foregoing manner, the videographer shall label any tape, which includes confidential information as "CONFIDENTIAL—SUBJECT TO AGREED PROTECTIVE ORDER."

5.  **Challenge to Designation.** A party should not be obligated to challenge the propriety of a designation as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEY'S EYES ONLY at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this arbitration disagrees at any state of these proceedings with the designation by the designating party as

Received 05/  /2007 05:04PM in 02:54 on line [4] for SF116   Pg 8/11
May. 30. 2007  4:02PM   AMERICAN ARBITRATION                  No. 4334   P. 8/11
May. 29. 2007  5:30PM   AMERICAN ARBITRATION                  No. 4291   P. 9/12

CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEY'S EYES ONLY, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designed the document or information as CONFIDENTIAL or CONFIDENTIAL FOR ATTORNEY'S EYES ONLY. The objecting party shall be required to move the Arbitrator for an order regarding the status of such information within (14) days of receipt of the response from the designating party, and failure to do so shall constitute a waiver to the challenge of the status of such item.

6. **Preservation of Rights.** This Order is designed to facilitate the voluntary disclosure of information. Nothing herein shall be construed as an admission by any party. This Order will not affect any party's right to apply to the Arbitrator for an Order imposing greater or lesser restrictions on specified documents or information. Nothing contained in this Order shall prohibit any party from using its own confidential information in any manner that that party sees fit, or from revealing such confidential information to whomever that party pleases, without prior consent from any other party or from the Arbitrator.

7. **Subpoena of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information by Other Courts or Agencies.** If "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents or information produced by a party are requested or subpoenaed from the party to whom such documents or information were produced by any other person or entity not a party to this action, the person to whom the subpoena or request is directed will (a) immediately

Received 05/    /2007 05:04PM in 02:54 on line [4] for SF116    Pg 9/11
May. 30. 2007  4:02PM    AMERICAN ARBITRATION                         No. 4334    P. 9/11
May. 29. 2007  3:30PM    AMERICAN ARBITRATION                         No. 4291    P. 10/12

notify in writing counsel for the producing party, advising counsel of the information requested and the response time provided by the order, subpoena, or request and (b) notify the person or entity seeking the information that the dissemination of the information sought has been restricted by this Order. The responsibility for attempting to prevent the disclosure or production of the Classified Information requested will rest exclusively with the party who designated the information "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" except that, if the designating party objects to the disclosure, the subpoenaed party will not disclose the Classified Information without the written consent of the designating party or a court order.

8.   **Return of Confidential Information.**   At the conclusion of this arbitration, which includes the exhaustion of all appeals, all persons who have documents containing any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" will, upon a written request from the disclosing party's counsel, return such documents to the disclosing party's counsel within thirty (30) days.

9.   **Protection of Information Belonging To Non-Parties.**   Any person who possesses an ownership interest in any Confidential Information as defined in paragraph 1 above sought to be discovered in the above-styled matter shall be entitled, with regard to any discovery sought from that person, to all of the protections afforded herein to the parties to this action, and shall have the authority under this Order to classify any information belonging to it as set forth in this Order.

SIGNED this 30th day of May, 2007.

_John Allen Chalk, Sr., Arbitrator_

AGREED PROTECTIVE ORDER – Page 7 of 9
Firmwide:82520017.1 052672.1002

RECEIVED TIME MAY. 29. 4:27PM

Received 05/ 2007 05:04PM in 02:54 on line [4] for SF116  Pg 10/11
May. 30. 2007  4:03PM    AMERICAN ARBITRATION                    No. 4334  P. 10/11
vineMay. 29. 2007 5:30PM  AMERICAN ARBITRATION                   No. 4291  P. 11/12
Fax  COMPANY:

Received 05/24/2007 04:49PM in 04:02 on line [5] for SF1168 * Pg 9/10
2007-May-24 04:53 PM LITTLER MENDELSON P.C. 2148800181          9/10

Agreed To:

Respectfully submitted,

_____
N. Scott Fletcher
Texas State Bar No. 00789046
Douglas E. Hamel
Texas State Bar No. 08818300
Elizabeth A. Pennill
Texas State Bar No. 24056087

VINSON & ELKINS, L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
713.758.3234 (Telephone)
713.615.5168 (Telecopier)

ATTORNEYS FOR CLAIMANT
KEVIN WEISS

_____
John F. McCarthy, Jr.
Texas State Bar No. 13374500
W. Joseph Miguez
Texas State Bar No. 24037107
Jeremy W. Hawpe
Texas State Bar No. 24046041

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)

ATTORNEYS FOR RESPONDENT
MCAFEE, INC.

RECEIVED TIME  MAY. 29.  4:27PM

Received 05/    /007 05:04PM in 02:54 on line [4] for SF116⋯  Pg 11/11
May. 30. 2007  4:03PM   AMERICAN ARBITRATION                  No. 4334   P. 11/11
May. 29. 2007  5:50PM   AMERICAN ARBITRATION                  No. 4291   P. 12/12

## EXHIBIT A

## ACKNOWLEDGEMENT

1. My name is _____.

2. I am aware that a Protective Order has been entered in the above-captioned action and a copy of this order has been given to me.

3. I promise that any documents, information, materials or testimony, which are protected under the Protective Order entered in this case and designated as Confidential Materials, will be used by me only in connection with the above-captioned matter. I further promise that I will comply with the requirements of the Protective Order with respect to my use, including the possible filing, of information covered thereby.

4. I promise that I will not disclose or discuss such protected materials with any person other than those individuals permitted by the Order to review such materials.

_____
Name

_____
Date

Witness: _____
Date _____

**AGREED PROTECTIVE ORDER** – Page 9 of 9
Firmwide:82520017.1 052672.1002

RECEIVED TIME  MAY. 29.  4:27PM