# EXHIBIT Q

1  Robert E. Gooding, Jr. (SBN 50617)
   Roman E. Darmer (SBN 212578)
2  David T. Bartels (SBN 209449)
   HOWREY LLP
3  2020 Main Street, Suite 1000
   Irvine, CA 92614
4  Telephone: (949) 721-6900
   Facsimile: (949) 721-6910
5  Email: goodingr@howrey.com
   Email: darmerr@howrey.com
6  Email: bartelsd@howrey.com

7  Attorneys for HOWREY LLP

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11  SECURITIES AND EXCHANGE                ) Case No. C-07-4580 MHP
    COMMISSION,                            )
12                                         )
                Plaintiff,                 )
13                                         ) **OBJECTIONS AND RESPONSES OF NON-**
          vs.                              ) **PARTY HOWREY LLP TO SUBPOENA**
14                                         ) **FOR THE PRODUCTION OF**
    KENT H. ROBERTS,                       ) **DOCUMENTS AND TESTIMONY**
15                                         )
                Defendant.                 )
16                                         )

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), non-party Howrey LLP ("Howrey") hereby responds to the November 2, 2007 subpoena issued by counsel for Defendant Kent H. Roberts in the above-captioned matter (the "Subpoena"). Howrey reserves the right to assert any additional objections to the Subpoena as necessary and/or appropriate.

## GENERAL OBJECTIONS

Howrey makes the following General Objections to the Subpoena and each of the document requests contained therein (the "Requests"), whether or not fully set forth in the specific objections to each Request.

1.     Howrey generally objects to the Subpoena to the extent that it seeks information protected by any applicable privilege, immunity, or confidentiality obligation, including without limitation the attorney-client privilege, the attorney work product immunity doctrine and any legal or contractual obligation of nondisclosure to a third party. Nothing contained in these responses, or contained in any subsequently produced documents or testimony, is intended to be, or in any way constitutes, a waiver of any such privilege, immunity or confidentiality obligation. Moreover, to the extent that any Request purports to require Howrey to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party, Howrey will not disclose such information without either the consent of the relevant third party or a court order compelling its production.

2.     Howrey generally objects to the Subpoena to the extent that the Requests seek information that is not relevant to the subject matter involved in the action or that is not reasonably calculated to lead to the discovery of admissible evidence.

3.     Howrey generally objects to the Subpoena to the extent that it seeks to impose a greater duty upon Howrey than is required by the Federal Rules of Civil Procedure, the local rules and/or applicable law.

4.     Howrey generally objects to the Subpoena on the ground that the Requests are overbroad and unduly burdensome, and to the extent that they do not comply with the admonition of Federal Rule of Civil Procedure 45(c)(1) that a subpoena to a third party shall "avoid imposing undue burden or expense on a person subject to that subpoena."

HOWREY LLP

DM_US:20872742_3

5.      Howrey generally objects to the Subpoena to the extent that it does not describe with reasonable particularity the subject matter of the requested discovery.  Howrey further generally objects to each Request to the extent that it uses terms and/or language that are vague and ambiguous.

6.      Howrey generally objects to the Subpoena to the extent that it seeks information that is already in the possession of Kent H. Roberts and his counsel, through the production of documents by other parties, non-parties, or otherwise.

7.      Howrey generally objects to the Subpoena to the extent that it seeks information that is not within its possession, custody or control.

8.      Howrey generally objects to the Subpoena to the extent that the subject matter and/or information sought and covered by the Requests is cumulative or duplicative of other Requests.

9.      Howrey generally objects to the Subpoena to the extent that it seeks documents of a confidential or proprietary nature.  No such documents shall be produced prior to entry of a Protective Order acceptable to Howrey.

10.     Howrey generally objects to the Subpoena to the extent that it seeks information protected by the right of privacy contained in the California Constitution or other applicable law, statute or doctrine.

## OBJECTIONS TO DEFINITIONS

11.     Howrey objects to the definition of "DOCUMENT," "DOCUMENTS," or "DOCUMENTS AND THINGS" to the extent that it imposes obligations beyond those set forth in the Federal Rules of Civil Procedure.  Howrey further objects to the definition of these terms on the grounds that it imposes unreasonable and undue annoyance, burden and expense.

12.     Howrey objects to the definition of "PERSON" to the extent it includes "corporations, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies and orders."  This definition renders the Subpoena overbroad, unduly burdensome, oppressive, vague and ambiguous; seeks information outside of Howrey's possession, custody or control; and calls for a legal conclusion.

HOWREY LLP

OBJECTIONS & RESPONSES OF NON-PARTY HOWREY LLP
TO SUBPOENA FOR DOCUMENTS AND TESTIMONY
Case No. C-07-4580 MHP

DM_US:20872742_3

1    13.    Howrey objects to the definitions of "RELATE TO," "RELATED TO" and

2  "RELATING TO" on the ground that they are overbroad, ambiguous and unduly burdensome.

3    14.    Howrey objects to the definition of "COMPANY" to the extent that it includes "present

4  and former agents, principals, partners, members, employees, directors, subsidiaries, predecessors,

5  accountants, auditors, attorneys, investigators, contractors, the board of directors and any committees

6  thereof, and anyone else acting on its behalf, including all sister or other related corporations." This

7  definition renders the Subpoena overbroad, unduly burdensome, oppressive, vague and ambiguous;

8  seeks information outside of Howrey's possession, custody or control; calls for legal conclusions; and,

9  seeks information protected by the attorney-client privilege and the attorney work product doctrine.

10    15.    Howrey objects to the "relevant timeframe" on the ground that it is overbroad, unduly

11  burdensome and oppressive.

12  ## OBJECTIONS TO INSTRUCTIONS

13    16.    Howrey objects to Instruction 2 on the ground that it seeks information that is not

14  reasonably accessible because of undue burden or cost.

15  ## SPECIFIC OBJECTIONS

16  Request No. 1:

17    ALL reports AND draft reports prepared, in whole OR in part, by YOU for the COMPANY

18  during the time period of May 15, 2006 to the present, produced in their entirety.

19  Response to Request No. 1:

20    Howrey objects to Request No. 1 on the ground that it calls for the production of information

21  protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

22  privileges.  Howrey further objects to this Request to the extent that it is overbroad and seeks

23  information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

24  evidence.  Subject to and without waiving the foregoing general and specific objection, Howrey

25  responds as follows:  Howrey will meet and confer with counsel for Mr. Roberts to discuss the

26  production of relevant non-privileged documents, if any, responsive to Request No. 1.

27

28

HOWREY LLP

1  Request No. 2:

2       ALL DOCUMENTS, including, but not limited to, memoranda, analysis, conclusions, findings,

3  notes, interview memoranda OR summaries prepared, in whole OR in part, by YOU in connection with

4  ANY work performed for the COMPANY during the time period of May 15, 2006 to the present.

5  Response to Request No. 2:

6       Howrey objects to Request No. 2 on the ground that it calls for the production of information

7  protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

8  privileges.  Howrey further objects to this Request to the extent that it is overbroad and seeks

9  information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

10  evidence.  Subject to and without waiving the foregoing general and specific objection, Howrey

11  responds as follows:  Howrey will meet and confer with counsel for Mr. Roberts to discuss the

12  production of relevant non-privileged documents, if any, responsive to Request No. 2.

13  Request No. 3:

14       ALL COMMUNICATIONS between YOU OR the COMPANY with the Department of Justice

15  ("DOJ"), Securities and Exchange Commission ("SEC"), OR New York Stock Exchange ("NYSE")

16  RELATED TO stock options.

17  Response to Request No. 3:

18       Howrey objects to Request No. 3 to the extent that it seeks information that is irrelevant or not

19  reasonably calculated to lead to the discovery of admissible evidence.  Howrey further objects to this

20  Request on the ground that it is overbroad in time and scope.  Howrey also objects to this Request to

21  the extent that it calls for the production of information protected by an applicable privilege, including

22  the attorney-client privilege and the attorney work product doctrine.  Finally, Howrey objects to this

23  Request to the extent that it seeks documents outside of its possession, custody or control.  Subject to

24  and without waiving the foregoing general and specific objections, Howrey responds as follows:

25  Aside from a number of emails between Howrey and the SEC or the DOJ, primarily regarding

26  scheduling and other ministerial matters, which Howrey will produce pursuant to this Subpoena,

27  Howrey is unaware of the existence of any other documents responsive to Request No. 3.

28

HOWREY LLP

DM_US:20872742_3

1  Request No. 4:

2       ALL DOCUMENTS provided by YOU OR the COMPANY to DOJ, SEC OR NYSE

3  RELATED TO stock options.

4  Response to Request No. 4:

5       Howrey objects to Request No. 4 on the ground that it calls for the production of information

6  protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

7  privileges. Howrey further objects to this Request to the extent that it is overbroad and seeks

8  information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

9  evidence. Howrey also objects to this Request on the ground that it is vague and ambiguous. Howrey

10 further objects to this Request on the ground that it seeks information that is not reasonably accessible

11 because of undue burden or cost. Finally, Howrey objects to this Request to the extent that it seeks

12 documents outside of its possession, custody or control. Subject to and without waiving the foregoing

13 general and specific objections, Howrey responds as follows: Pursuant to Instruction No. 2 of the

14 Subpoena, Howrey will not re-produce responsive documents that have already been produced to the

15 DOJ or the SEC. Howrey will meet and confer with counsel for Mr. Roberts to discuss the production

16 of additional relevant non-privileged documents, if any, responsive to Request No. 4.

17 Request No. 5:

18      ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Project Shield.

19 Response to Request No. 5:

20      Howrey objects to Request No. 5 on the ground that it calls for the production of information

21 protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

22 privileges. Howrey further objects to this Request to the extent that it is overbroad and seeks

23 information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

24 evidence. Howrey also objects to this Request on the ground that it is vague and ambiguous. Howrey

25 further objects to this Request on the ground that it seeks information that is not reasonably accessible

26 because of undue burden or cost. Finally, Howrey objects to this Request to the extent that it seeks

27 documents outside of its possession, custody or control. Subject to and without waiving the foregoing

28

HOWREY LLP

OBJECTIONS & RESPONSES OF NON-PARTY HOWREY LLP
TO SUBPOENA FOR DOCUMENTS AND TESTIMONY
Case No. C-07-4580 MHP

DM_US:20872742_3

1  general and specific objection, Howrey responds as follows: "Project Shield" is the project name for

2  the electronic data collection and review in connection with Howrey's representation of the Special

3  Committee of the Company's Board of Directors, and therefore this Request is unduly burdensome and

4  overbroad in that it seeks documents that are irrelevant or not reasonably calculated to lead to the

5  discovery of admissible evidence, and/or privileged. Pursuant to Instruction No. 2 of the Subpoena,

6  Howrey will not re-produce responsive documents that have already been produced to the DOJ or the

7  SEC. Howrey will meet and confer with counsel for Mr. Roberts to discuss the production of

8  additional relevant non-privileged documents, if any, responsive to Request No. 5.

9  Request No. 6:

10      ALL DOCUMENTS AND COMMUNICATIONS RELATED TO George Samenuk.

11  Response to Request No. 6:

12      Howrey objects to Request No. 6 to the extent that it calls for the production of information

13  protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

14  privileges. Howrey further objects to this Request to the extent that it is overbroad and seeks

15  information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

16  evidence. Howrey also objects to this Request on the ground that it is vague and ambiguous. Finally,

17  Howrey objects to this Request to the extent that it seeks documents outside of its possession, custody

18  or control. Subject to and without waiving the foregoing general and specific objections, Howrey

19  responds as follows: Pursuant to Instruction No. 2 of the Subpoena, Howrey will not re-produce

20  responsive documents that have already been produced to the DOJ or the SEC. Howrey will meet and

21  confer with counsel for Mr. Roberts to discuss the production of additional relevant non-privileged

22  documents, if any, responsive to Request No. 6.

23  Request No. 7:

24      ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Sylvia Garcia-Lechelt.

25  Response to Request No. 7:

26      Howrey objects to Request No. 7 to the extent that it calls for the production of information

27  protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

28

HOWREY LLP

OBJECTIONS & RESPONSES OF NON-PARTY HOWREY LLP
TO SUBPOENA FOR DOCUMENTS AND TESTIMONY
Case No. C-07-4580 MHP

DM_US:20872742_3

1 | privileges. Howrey further objects to this Request to the extent that it is overbroad and seeks

2 | information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

3 | evidence. Howrey also objects to this Request on the ground that it is vague and ambiguous. Finally,

4 | Howrey objects to this Request to the extent that it seeks documents outside of its possession, custody

5 | or control. Subject to and without waiving the foregoing general and specific objections, Howrey

6 | responds as follows: Pursuant to Instruction No. 2 of the Subpoena, Howrey will not re-produce

7 | responsive documents that have already been produced to the DOJ or the SEC. Howrey will meet and

8 | confer with counsel for Mr. Roberts to discuss the production of additional relevant non-privileged

9 | documents, if any, responsive to Request No. 7.

10 | Request No. 8:

11 |     ALL DOCUMENTS AND COMMUNICATIONS RELATED TO Arthur Matin.

12 | Response to Request No. 8:

13 |     Howrey objects to Request No. 8 to the extent that it calls for the production of information

14 | protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

15 | privileges. Howrey further objects to this Request to the extent that it is overbroad and seeks

16 | information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

17 | evidence. Howrey also objects to this Request on the ground that it is vague and ambiguous. Finally,

18 | Howrey objects to this Request to the extent that it seeks documents outside of its possession, custody

19 | or control. Subject to and without waiving the foregoing general and specific objections, Howrey

20 | responds as follows: Pursuant to Instruction No. 2 of the Subpoena, Howrey will not re-produce

21 | responsive documents that have already been produced to the DOJ or the SEC. Howrey will meet and

22 | confer with counsel for Mr. Roberts to discuss the production of additional relevant non-privileged

23 | documents, if any, responsive to Request No. 8.

24 | Request No. 9:

25 |     ALL DOCUMENTS created by YOU in connection with, OR that formed ANY part of the

26 | basis of, ANY representation by YOU to the DOJ, SEC OR NYSE, whether written OR oral

27 | RELATED TO stock options.

28 |

HOWREY LLP

DM_US:20872742_3

1    Response to Request No. 9:

2           Howrey objects to Request No. 9 on the ground that it calls for the production of information

3    protected by the attorney-client privilege, the attorney work product doctrine and any other applicable

4    privileges. Howrey further objects to this Request to the extent that it is overbroad and seeks

5    information that is irrelevant or not reasonably calculated to lead to the discovery of admissible

6    evidence. Howrey also objects to this Request on the ground that it is overbroad as to time and scope.

7    Subject to and without waiving the foregoing general and specific objection, Howrey responds as

8    follows: Pursuant to Instruction No. 2 of the Subpoena, Howrey will not re-produce responsive

9    documents that have already been produced to the DOJ or the SEC. Howrey is unaware of additional

10   relevant non-privileged documents responsive to Request No. 9.

11

12   Dated: November 19, 2007               HOWREY LLP

13

14                                             By:

15                                             Robert E. Gooding, Jr.

16                                             Roman E. Darmer
                                               David T. Bartels

17                                           Attorneys for Custodian of Records

18                                           HOWREY LLP

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

OBJECTIONS & RESPONSES OF NON-PARTY HOWREY LLP
TO SUBPOENA FOR DOCUMENTS AND TESTIMONY
Case No. C-07-4580 MHP

DM_US:20872742_3

1

## PROOF OF SERVICE

2

3   STATE OF CALIFORNIA              )
                                     )    ss.:
4   COUNTY OF ORANGE                 )

5

6       I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2020 Main Street, Suite 1000, Irvine, California 92614.

7

8       On November 19, 2007, I served on the interested parties in said action the within:

9   **OBJECTIONS AND RESPONSES OF NON-PARTY HOWREY LLP TO SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND TESTIMONY**

10      by placing a true copy thereof in a sealed envelope(s) addressed as stated below and causing such envelope(s) to be deposited in the U.S. Mail at Irvine, California.

11

12   Einat Sandman                          Stephen L. Cohen
     Cooley Godward Kronish LLP              Securities and Exchange Commission
13   5 Palo Alto Square                      100 F. Street, N.E.
     3000 El Camino Real                     Washington, D.C. 20549-4030
14   Palo Alto, CA  94306                    Telephone: (202) 942-8088
     Telephone: (650) 843-5000               Email: cohens@sec.gov
15   Facsimile No.: (650) 857-0663
     E-mail: esandman@cooley.com

16

17   [X]   (MAIL) I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

18

19       I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

20

21       Executed on November 19, 2007, at Irvine, California.

22

23          Patti Fisher                              _____
          (Type or print name)                          (Signature)

24

25

26

27

28

HOWREY LLP