Robert E. Gooding, Jr. (SBN 50617)
Roman E. Darmer (SBN 212578)
Helen Chae MacLeod (SBN 206618)
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
Email: goodingr@howrey.com
Email: darmerr@howrey.com
Email: macleodh@howrey.com

Attorneys for HOWREY LLP

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KENT H. ROBERTS,<br><br>　　　　Defendant. | Case No. C-07-4580 MHP<br><br>**DECLARATION OF ROBERT E. GOODING, JR. IN SUPPORT OF NON-PARTY HOWREY LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT KENT H. ROBERTS' REQUEST FOR PRODUCTION OF ATTORNEY NOTES**<br><br>Hearing Date:　February 25, 2008<br>Time:　2:00 p.m.<br>Courtroom:　15<br>Judge:　Hon. Marilyn H. Patel |

HOWREY LLP

DECLARATION OF ROBERT E. GOODING, JR. IN SUPPORT OF NON-PARTY HOWREY'S
OPPOSITION TO ROBERTS' REQUEST FOR PRODUCTION OF ATTORNEY NOTES
Case No. C-07-4580 MHP

DM_US:21003284_4

# DECLARATION OF ROBERT E. GOODING, JR.

1. I am an attorney admitted to practice law in the State of California and before this Court. I am a partner with the law firm of Howrey LLP ("Howrey"). I make this declaration in support of Non-Party Howrey LLP's Memorandum of Points And Authorities in Opposition to Defendant Kent H. Roberts' Request for Production of Attorney Notes. I have personal knowledge of the facts stated below, and if called as a witness I could, and would, testify as to the truth of the following.

2. My partner Roman Darmer and I led a team of lawyers, paralegals and accounting specialists at Howrey, which served as counsel to the Special Committee of the Board of Directors of McAfee, Inc. ("Special Committee") in conducting an independent investigation into potential stock option backdating at McAfee, Inc. ("McAfee" or "the Company") during the period 1995 through 2006. The members of the Special Committee had not previously served on the Company's Compensation Committee or otherwise been involved in the options granting process. Howrey had not previously represented McAfee or its current or former management. The background leading to the investigation, as well as the results of the investigation, including the restatement of historical financial statements and other remedial measures adopted by the Company, are described more fully in McAfee's Annual Report on Form 10-K filed with the Securities and Exchange Commission on December 21, 2007, at beginning at page 4. This document may be accessed electronically at http://www.sec.gov/Archives/edgar/data/890801/000095013407026067/d52464e10vk.htm.

3. To assist with the investigation, Howrey retained FTI Consulting, Inc., a forensic accounting and electronic evidence collection specialist. Howrey and FTI, working together, gathered and reviewed over one million pages of hard-copy documents and more than 3.3 million email communications and electronic documents. Howrey compiled relevant documents regarding most significant stock option grants between 1995 and 2006, as well as the Company's accounting for those grants. Those materials were ultimately collected in a large number of individual binders, known as Source Binders, organized by option grant and individual.

-1-
DECLARATION OF ROBERT E. GOODING, JR. IN SUPPORT OF NON-PARTY HOWREY'S
OPPOSITION TO ROBERTS' REQUEST FOR PRODUCTION OF ATTORNEY NOTES
Case No. C-07-4580 MHP

HOWREY LLP

DM_US:21003284_4

4. In addition, Howrey and FTI interviewed 84 current and former McAfee employees, directors, officers and other individuals regarding the Company's stock option granting practices and procedures, as well as particular stock option grants. No representatives of the Company's management or McAfee's outside counsel participated in any of the interviews.

5. Mr. Darmer, our associate David Bartels and I conducted most of the interviews, and Howrey personnel and/or FTI personnel took handwritten notes of most of the interviews. In a few instances, memoranda were prepared from the handwritten notes. Howrey's notes and summaries do not contain verbatim recitations of questions asked and answers given at the interviews, but rather attorneys' mental impressions, conclusions and opinions about the substance of the interviews. Howrey has never provided the interview notes or memoranda to the Board, the Company's outside auditors, the SEC, DOJ, plaintiffs' counsel in civil actions or any other third party.

6. At the conclusion of the investigation, Howrey prepared a PowerPoint presentation for the Board of Directors. The PowerPoint described the scope and methodology of the investigation and included some of the key documents and emails compiled in the Source Binders. Certain documents and emails were excerpted or highlighted. The PowerPoint did not contain findings, conclusions, opinions or legal theories of Howrey or any excerpts or summaries from the interview notes. Instead, it set forth the underlying facts with respect to a number of problematic transactions in which it appeared that misdating or backdating of stock options grants may have occurred.

7. On October 10, 2006, the Special Committee and Howrey presented the PowerPoint to the Board of Directors. Mr. Darmer and I were present for the meeting, as were two representatives of FTI. No member of Company management or any third parties were present during the meeting, other than McAfee's regular outside corporate counsel. After presentation of the initial slides relating to the scope and methodology of the investigation, the Company's former CEO, George Samenuk, was excused from the meeting and did not return. At the request of the Special Committee, certain individual directors were excused from the meeting during the discussion of grants relating to those directors. During the meeting, Mr. Darmer and I answered all of the Board's questions, including some questions about what certain witnesses said about particular issues in the course of their

-2-
DECLARATION OF ROBERT E. GOODING, JR. IN SUPPORT OF NON-PARTY HOWREY'S OPPOSITION TO ROBERTS' REQUEST FOR PRODUCTION OF ATTORNEY NOTES
Case No. C-07-4580 MHP

HOWREY LLP

DM_US:21003284_4

1  interviews. In doing so, neither Mr. Darmer nor I reviewed the interview notes prior to the meeting, took any such notes to the meeting, or referred to those notes during the meeting. All of the Source Binders were physically available for inspection by the Board members during the meeting.

8. Mr. Darmer and I presented a virtually identical PowerPoint in a meeting with members of the enforcement staff of the SEC on November 2, 2006. The only other attendees at that meeting were representatives of FTI and two members of the Special Committee. On November 8, 2006, Mr. Darmer and I presented the same PowerPoint in a meeting attended by FTI and DOJ personnel only. During these meetings, Mr. Darmer and I responded to questions from the government as to what certain individuals had said about particular issues during the course of their interviews. However, neither Mr. Darmer nor I provided the government with Howrey's interview notes, took the notes to the meetings or reviewed the notes prior to the meetings. Indeed, the Special Committee declined a specific request from the SEC to produce its interview notes and summaries.

9. I understand that, through discovery in this litigation, Mr. Roberts is in possession of the entirety of the PowerPoint presentation to the government. In addition, Howrey has provided Roberts with a list of the few minor differences between that PowerPoint and the one presented to the Board of Directors on October 10, 2006.

10. At the conclusion of the investigation, and in anticipation of the Company's likely restatement of historical financial statements, the Special Committee and its advisors met with representatives of the Company's outside auditors. Howrey presented the PowerPoint to the auditors and responded to questions from the auditors about what certain witnesses had said in the course of their interviews. However, Howrey did not provide access to its interview notes or summaries to the auditors, despite a request to do so.

11. In November 2007, at the direction of the Special Committee, Mr. Darmer, Mr. Bartels and I met with counsel for plaintiffs in the derivative actions in connection with settlement discussions being carried on with the Company's regular outside counsel. In the course of that meeting, Mr. Darmer and I described the scope and methodology of the investigation and shared a few non-privileged documents from the Source Binders. We did not present the PowerPoint or refer to the

-3-

DECLARATION OF ROBERT E. GOODING, JR. IN SUPPORT OF NON-PARTY HOWREY'S
OPPOSITION TO ROBERTS' REQUEST FOR PRODUCTION OF ATTORNEY NOTES
Case No. C-07-4580 MHP

HOWREY LLP

DM_US:21003284_4

interview notes during the meeting. Other than Mr. Darmer, Mr. Bartels and me, the only people present at this meeting were plaintiffs' counsel, McAfee's General Counsel, Mark Cochran, and McAfee's regular outside counsel, Wilson Sonsini Goodrich & Rosati LLP.

12. Over the course of Howrey's engagement with the Special Committee, Mr. Darmer and I spoke by telephone with personnel from the SEC and DOJ on numerous occasions. We responded to all questions posed by the government in those calls. Neither Mr. Darmer nor I had or referred to the interview notes during any of the calls with the government. During those calls, I took notes of some of the conversations with the government. Those notes do not contain verbatim transcripts of the conversations, but rather the substance of communications and my mental impressions, conclusions and opinions. Howrey attorneys have never shared or provided these notes to any third party.

13. During the course of Howrey's engagement, I took notes during some meetings with McAfee's Board. Those notes contain attorney-client privileged communications and/or mental impressions, conclusions and opinions. Howrey attorneys have never shared or provided those notes to anyone outside Howrey.

14. On or about January 29, 2008, I spoke to Defendant Roberts' counsel and offered to produce Howrey's notes of communications with the government in redacted form, redacting only for opinion work product, including mental impressions, conclusions and opinions. Roberts' counsel refused to accept production in this form and demanded these notes in their entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of February 2008, in Irvine, California.

Robert E. Gooding, Jr.

---

-4-

DECLARATION OF ROBERT E. GOODING, JR. IN SUPPORT OF NON-PARTY HOWREY'S
OPPOSITION TO ROBERTS' REQUEST FOR PRODUCTION OF ATTORNEY NOTES
Case No. C-07-4580 MHP

DM_US:21003284_4