1   COOLEY GODWARD KRONISH LLP
    STEPHEN C. NEAL (170085) (nealsc@cooley.com)
2   WILLIAM S. FREEMAN (82002) (freemanws@cooley.com)
    SHANNON M. EAGAN (212830) (seagan@cooley.com)
3   EINAT SANDMAN CLARKE (234776) (eclarke@cooley.com)
    Five Palo Alto Square
4   3000 El Camino Real
    Palo Alto, CA  94306-2155
5   Telephone:     (650) 843-5000
    Facsimile:      (650) 857-0663
6
    Attorneys for Defendant
7   Kent H. Roberts

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12
    SECURITIES AND EXCHANGE            Case No.  C 07-04580 MHP
13  COMMISSION,
                                       **DECLARATION OF WILLIAM S. FREEMAN
14              Plaintiff,             IN SUPPORT OF DEFENDANT KENT H.
                                       ROBERTS' MOTION TO COMPEL
15        v.                           PRODUCTION OF DOCUMENTS FROM
                                       THIRD PARTY HOWREY LLP**
16  KENT H. ROBERTS,
                                       Date:     February 25, 2008
17              Defendant.             Time:     2:00 p.m.
                                       Judge:   Hon. Marilyn H. Patel
18

19                                     DISCOVERY MATTER

20                                     **[Amended Public Version]**

21

22

23

24

25

26

27

28

1    I, William S. Freeman, declare as follows:

2    1.    I am an attorney licensed to practice law in the State of California and a member

3    of the law firm of Cooley Godward Kronish LLP, counsel of record for defendant Kent H.

4    Roberts ("Roberts" or the "Defendant").  The following facts are based on personal knowledge or

5    on information and belief based upon my review of documents and sources I believe to be

6    trustworthy.

7    2.    On May 30, 2006, McAfee, Inc. ("McAfee" or "Company") announced that it had

8    terminated Kent Roberts and that a Special Committee of the Board of Directors ("Special

9    Committee") had retained independent counsel to assist in its review of its stock option granting

10    practices (the "special investigation").  A true and correct copy of McAfee's May 30, 2006 press

11    release is attached hereto as Exhibit A.

12    3.    On June 9, 2006, McAfee filed a Form 8-K announcing that it had received a

13    document subpoena from the Securities and Exchange Commission ("SEC") pursuant to a formal

14    order of investigation related to McAfee's stock option practices.  The Company also noted that it

15    intended to cooperate with the SEC.  A true and correct copy of McAfee's June 9, 2006 Form 8-K

16    is attached hereto as Exhibit B.

17    4.    On August 18, 2006, McAfee filed a Form 8-K stating that it had received a grand

18    jury subpoena from the Department of Justice ("DOJ") relating to the Company's termination of

19    Mr. Roberts, his options-related activities, and the special investigation.  A true and correct copy

20    of McAfee's August 18, 2006 Form 8-K is attached hereto as Exhibit C.  In the August 18, 2006

21    Form 8-K, McAfee noted that it was cooperating with the DOJ.

22    5.    On September 13, 2007, Robert E. Gooding, Jr., Esq. testified by deposition in an

23    arbitration entitled *Weiss v. McAfee, Inc.*, American Arbitration Association No. 711660003807.

24    A true and correct copy of the face page, signature page and certain excerpts of Mr. Gooding's

25    testimony is being filed under seal with this motion and is attached hereto as Exhibit D.

26    6.    A true and correct copy of a March 22, 2007 Letter from Robert E. Gooding, Jr.,

27    Esq. of Howrey to PricewaterhouseCoopers, McAfee's former auditors, and Deloitte & Touche

28    ("Deloitte"), McAfee's current auditors, is attached hereto as Exhibit E.    **REDACTED**

1

2

3

4

5

6                                   **REDACTED**

7

8

9

10

11        7.        A true and correct copy of the October 10, 2006 Minutes of the Meeting of the

12   Board of Directors is attached hereto as Exhibit F.

13        8.        A true and correct copy of the caption page and last page of the Corrected

14   Consolidated Verified Shareholders Derivative Complaint in *In re McAfee, Inc. Derivative Litig*,

15   5:06-cv-03484-JF ("Derivative Case"), filed on September 28, 2006, is attached hereto as Exhibit

16   G. The caption lists as defendants eight individuals directors who are shown to have been present

17   at the October 10, 2006 meeting, according to Exhibit F.

18        9.        On October 11, 2006, the day after the board meeting reflected in Exhibit F,

19   McAfee filed a Form 8-K announcing that Chairman of the Board and Chief Executive Officer

20   George Samenuk had retired from the company and that President Kevin Weiss had been

21   terminated. In an October 11, 2006 press release incorporated into the Form 8-K, Mr. Samenuk

22   expressed "regret" that some of McAfee's "stock option problems" had "occurred on my watch."

23   A true and correct copy of McAfee's October 11, 2006 Form 8-K is attached hereto as Exhibit H.

24        10.        As a result of the special investigation, the Company determined that it would

25   need to restate the financial statements for a 10-year period. On December 21, 2007, McAfee

26   announced that it was recording additional compensation expense in the amount of $137 million.

27   A true and correct copy of McAfee's December 21, 2007 Form 10-K disclosing this information

28   is attached hereto as Exhibit I.

DECL. OF W. FREEMAN I/S/O MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD PARTY
HOWREY LLP - CASE NO. C-07-4580 MHP

1    11.    A true and correct copy of the June 30, 2006 Minutes of the Meeting of McAfee's

2    Board of Directors is attached hereto as Exhibit J.

3    12.    A true and correct copy of the October 23, 2006 Minutes of the Meeting of

4    McAfee's Board of Directors is attached hereto as Exhibit K.

5    13.    A true and correct copy of the first and last pages and selected portions of the

6    deposition of Robert Pangia in this matter is attached hereto as Exhibit L.

7    14.    A true and correct copy of the first and last pages and selected portions of the

8    deposition of Denis O'Leary in this matter is attached hereto as Exhibit M.

9    15.    A true and correct copy of a series of email communications between Howrey and

10    the government, dated between November 6, 2006 and February 1, 2007 and produced by

11    Howrey in the course of this litigation, is attached hereto as Exhibit N.  Based on these emails, it

12    is clear that Howrey had regular contact with the SEC and DOJ during which it conveyed its

13    investigative findings to them.

14    16.    On September 14, 2007, David T. Bartels., Esq. testified by deposition in an

15    arbitration entitled *Weiss v. McAfee, Inc.*, American Arbitration Association No. 711660003807.

16    A true and correct copy of the face page, signature page sand certain excerpts of Mr. Bartels'

17    testimony is currently being filed under seal and is attached hereto as Exhibit O.

18    17.    On November 2, 2007, Mr. Roberts issued a subpoena in this case calling for

19    Howrey to produce certain investigative materials.  A true and correct copy of the subpoena and

20    Attachment A thereto are attached hereto as Exhibit P.

21    18.    On November 19, 2007, Howrey responded to Mr. Roberts' subpoena for

22    investigative materials.  A true and correct copy of Howrey's Objections and Response is

23    attached hereto as Exhibit Q.

24    19.    On January 16, 2008, Howrey produced a privilege log listing documents withheld

25    by Howrey from its response to the subpoena.  A true and correct copy of Howrey's privilege log

26    is attached hereto as Exhibit R.

27    20.    A true and correct copy of the first and last pages and selected portions of the

28    deposition of Stephen C. Richards in this case is attached hereto as Exhibit S.

3.

21.     During the course of my practice as a securities litigator over the last 26 years, I have had occasion to represent many public company boards and board committees in connection with investigations into potential wrongdoing.  In many of those engagements, the clients have cooperated voluntarily with the SEC and DOJ, either by "self reporting" allegations of misconduct before the Government had become aware of them, or by responding to subpoenas or other requests to cooperate.  In virtually all of the investigations, my colleagues and I have also been asked by our clients to discuss our investigative activities and findings in detail with the client's outside auditors.  It has been my uniform experience in such matters that both Government investigators and outside auditors seek to determine, by questioning the investigators, (1) what particular witnesses have said during the course of interviews conducted by the investigators; and (2) what conclusions, if any, the investigators have reached about the conduct and credibility of key actors.

22.     On July 20, 2007, the DOJ produced to Mr. Roberts a document that is Bates numbered MFE-SEC 017948 – MFE-SEC 017950 that is designated as "Attorney Client Communication" and "Attorney Work Product."  This document discusses the substance of interviews with McAfee personnel, and a true and correct copy thereof is attached hereto as Exhibit T.

23.     On February 13, 2008, McAfee produced to Mr. Roberts a document titled "Audit Committee Restatement Update" and an appendix thereto titled "Open Items List of Howrey Deliverables."

**REDACTED**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 20, 2008, at Palo Alto, California.

/s/
William S. Freeman

767803 v2/PA

4.