1  BORIS FELDMAN, State Bar No. 128838
   RODNEY G. STRICKLAND, State Bar No. 161934
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
5

6  CLAYTON BASSER-WALL, State Bar No. 209100
   WILSON SONSINI GOODRICH & ROSATI
7  Professional Corporation
   8911 Capital of Texas Highway North
8  Westech 360, Suite 3210
   Austin, TX 78759-8497
9  Telephone:  (512) 338-5407
   Facsimile:   (512) 338-5499
10

11 Attorneys for Non-Parties
   McAfee, Inc. and Robert Pangia
12

13

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17

| | |
|---|---|
| 18  SECURITIES AND EXCHANGE<br>     COMMISSION,<br>19<br>            Plaintiff,<br>20<br>       v.<br>21<br>    KENT H. ROBERTS,<br>22<br>            Defendant.<br>23<br>24 | CASE NO.:  C-07-4580 MHP<br><br>DECLARATION OF RODNEY G.<br>STRICKLAND IN SUPPORT OF<br>DEFENDANT KENT ROBERTS'<br>ADMINISTRATIVE MOTION TO FILE<br>UNDER SEAL EXHIBITS F, J, K, T,<br>AND U TO THE DECLARATION OF<br>WILLIAM S. FREEMAN<br><br>[Local Rule 79-5(d)]<br><br>Judge:  Hon. Marilyn H. Patel |

25

26

27

28

-1-    3300270_1.DOC

I, Rodney G. Strickland, Jr., hereby declare:

1. I am member of the State Bar of California and authorized to practice law before this Court. I am a member of Wilson Sonsini Goodrich & Rosati, P.C. ("WSGR"), counsel for non-parties McAfee, Inc. ("McAfee" or the "Company") and, among other individuals who have been subpoenaed in connection with this action, McAfee director Robert Pangia.

2. I make this Declaration of my own personal knowledge and pursuant to Local Rule 79-5(d). If called as a witness in this action, I could and would testify competently as to the matters set forth herein.

3. On February 21, 2008, McAfee's counsel received notice from defendant Kent Roberts, through his counsel Cooley Godward Knonish LLP, that Mr. Roberts had filed under seal certain exhibits to the Declaration of William S. Freeman (the "Freeman Declaration"). On February 22, 2008, this Court granted defendant's Administrative Motion relating to those exhibits, and directed the Clerk of the Court to allow defendant to file certain exhibits under seal. *See* Docket No. 43. This Declaration concerns Exhibits F, J, K, T and U to the Freeman Declaration.

4. The Protective Order in this action allows "highly sensitive business information" to be designated as "Confidential" and filed under seal pursuant to Local Rule 79-5. *See* Docket No. 16 at Sections 2.3 and 10. As explained below, Exhibits F, J, K, T and U contain the confidential, highly sensitive business information of a non-party -- McAfee -- and therefore should remain under seal pursuant to Local Rule 79-5.

5. Exhibits F and K are drafts of minutes of meetings of the McAfee Board of Directors that occurred in October 2006. The draft minutes reflect confidential information of non-party McAfee. McAfee produced these draft minutes to the United States Attorneys' Office (the "USAO") in response to a grand jury subpoena to McAfee. As they reflect on their face, when McAfee produced these draft minutes to the USAO it requested that they be treated as nonpublic and confidential information pursuant to the Freedom of Information Act, 5 U.S.C. § 552. *E.g.*, Exh. F at 1; Exh. K at 1 ("FOIA CONFIDENTIAL TREATMENT REQUESTED"). These unsigned, draft minutes reflect non-public, confidential information concerning the

-2-    3300270_1.DOC

DECLARATION OF RODNEY G. STRICKLAND ISO DEFENDANT KENT ROBERTS' ADMINISTRATIVE MOT. TO FILE UNDER SEAL EXS. F, J, K, T, AND U TO THE DECLARATION OF WILLIAM FREEMAN
CASE NO.: C-07-4580 MHP

investigation of McAfee's historic stock option granting practices and certain actions taken with respect to former executives of the Company and certain prior stock option grants. *See, e.g.,* Exhibit F at 2-3 and Exhibit K at 2. Unsigned, draft internal documents of a publicly-traded company relating to such topics should not enter the public domain – especially where, as here, the Company is not a party to the underlying action.

6. Exhibit J consists of minutes of a meeting of the McAfee Board of Directors that occurred in June 2006. Exhibit J reflects confidential information of non-party McAfee. McAfee produced this document to the USAO in response to the grand jury subpoena. As with Exhibits F and K, when McAfee produced this document to the USAO it requested that it be treated as nonpublic and confidential information pursuant to the Freedom of Information Act, 5 U.S.C. § 552. *See* Exhibit J at 1 ("FOIA CONFIDENTIAL TREATMENT REQUESTED"). Exhibit J reflects non-public, confidential and sensitive information concerning the investigation of McAfee's historic stock option granting practices, including counsel's report to the Board regarding certain communications with the Securities and Exchange Commission ("SEC") and the United States Department of Justice (the "DOJ") and counsel's characterization of certain matters. *See id.* at 1-2. The minutes also include reference to confidential internal discussions regarding McAfee's financial reporting. *See id.* at 2.

7. Exhibit T is a "DRAFT" memorandum that was prepared in connection with the investigation of McAfee's historical stock option granting practices. It reflects confidential information of non-party McAfee. The exhibit – which is labeled "Confidential" – relates to "evidence" and internal documentation regarding the proposed revised accounting treatment of a large option grant. McAfee produced this document to the SEC in response to a subpoena, and requested that it be treated as nonpublic and confidential pursuant to the Freedom of Information Act, 5 U.S.C. § 552. *See* Exhibit T at 1 ("FOIA CONFIDENTIAL TREATMENT REQUESTED"). Exhibit T contains non-public, confidential information concerning the findings of the investigation regarding one large option grant – including, in particular, "Conclusions" regarding the "evidence" relating to the accounting for that grant. *See id.* at 3. Exhibit T includes quotations from and summaries of other non-public, confidential McAfee

-3-                                3300270_1.DOC

DECLARATION OF RODNEY G. STRICKLAND ISO DEFENDANT KENT ROBERTS' ADMINISTRATIVE
MOT. TO FILE UNDER SEAL EXS. F, J, K, T, AND U TO THE DECLARATION OF WILLIAM FREEMAN
CASE NO.: C-07-4580 MHP

1  documents, and reflects "understandings" and findings "Based on" the "review" of those other confidential documents. *See id.* at 2. It also reflects opinions and proposed conclusions regarding the proposed accounting treatment for the option grant at issue in the exhibit. *See id.* at 2-3.

8. Exhibit U is a 12-page PowerPoint presentation to the Audit Committee of McAfee's Board of Directors from less than one year ago. It reflects confidential information of non-party McAfee. Exhibit U was produced to Mr. Roberts by non-party Robert Pangia, a member of McAfee's Board of Directors, in response to a document subpoena served by Mr. Roberts. It is clearly labeled "Confidential". Exhibit U at 1. This document contains non-public, confidential information concerning the internal investigation and McAfee's progress towards restating its financial results. For example, it includes a detailed "Status Overview" regarding particular projects undertaken by management and the investigatory team. *Id.* at 4-5, 8. It includes confidential internal financial information including "estimates" regarding the accounting impact of certain option grants. *Id* at 7. It includes a detailed timeline reflecting, among other things, specific projects to be completed by counsel. *Id* at 8-12. Finally, the Appendix includes a very detailed "Open Items List" reflecting counsel's "Deliverables." *Id* at 11-12.

9. The foregoing reflects that (a) Exhibits F, J, K, T and U to the Freeman Declaration consist of and reflect non-public, confidential information of a non-party and (b) that non-parties McAfee and Mr. Pangia have taken the necessary steps to maintain the confidentiality of these documents. Thus, these documents should remain under seal pursuant to Local Rule 79-5. The confidential internal documents of non-party McAfee, which McAfee was compelled to produce in response to subpoenas, should not enter the public domain as the result of a discovery dispute between Mr. Roberts and another non-party.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 27, 2008 in Palo Alto, California.

/s/ Rodney G. Strickland, Jr.
Rodney G. Strickland, Jr.

-4-   3300270_1.DOC