N. Scott Fletcher
VINSON & ELKINS, L.L.P
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Telephone:    (713) 758-3234
Facsimile:    (713) 615-5168

John Potter
QUINN EMANUEL URQUHART
  OLIVER & HEDGES LLP
50 California Street, Suite 22
San Francisco, CA 94111
Telephone:    (415) 421-6141
Facsimile:    (415) 398-5030

Attorneys for Kevin M. Weiss

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Case No. C-07-4580 MHP |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **DECLARATION OF N. SCOTT FLETCHER IN SUPPORT OF DEFENDANT KENT H. ROBERTS' AMENDED AND CORRECTED** |
| KENT H. ROBERTS, | ) ) | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DEFENDANT'S** |
| Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARTY HOWREY LLP AND EXHIBITS D & O TO THE DECLARATION OF WILLIAM S. FREEMAN AND IN SUPPORT OF DEFENDANT KENT H. ROBERTS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF DEFENDANTS SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO COMPEL AND EXHIBIT A TO THE DECLARATION OF SHANNON M. EAGAN IN SUPPORT THEREOF.** |
| | ) ) | **[Local Rule 79-5]** |

)
)   Judge:    Hon. Marilyn H. Patel

## **DECLARATION OF N. SCOTT FLETCHER**

1. I am an attorney admitted to practice law in the States of Texas, Delaware, Pennsylvania and in the District of Columbia. I am a partner with the law firm of Vinson and Elkins and counsel to former McAfee employee Kevin M. Weiss. I make this declaration pursuant to Northern District Local Rule 79-5(d), following notice from Cooley Godward, Kronish LLP, counsel for Kent Roberts, that Defendant Roberts has filed a under seal portions of and exhibits to his Motion to Compel Production of Documents from Third Party Howrey LLP, the Declaration of Williams S. Freeman in Support of Defendant Kent H. Roberts' Motion to Compel Production of Documents from Third Party Howrey LLP, his Supplemental Brief in Support of Motion to Compel Production of Documents from Third Party Howrey LLP, and the Declaration of Shannon M. Eagan in Support of Defendant Kent H. Roberts' Motion to Compel Production of Documents from Third Party Howrey LLP and has lodged such documents with the Court pursuant to Northern District Local Rule 79-5(c) and (d). I have personal knowledge of the facts stated below, except where indicated to be upon information and belief, in which case I believe the matters stated to be true, and if called as a witness could, and would, testify as to the truth of the following.

2. I am informed and believe that exhibits D and O to Defendant Kent H. Roberts' Motion to Compel Production of Documents from Third Party Howrey LLP and Exhibit A to Defendant Kent H. Roberts' Supplemental Brief in Support of Motion to Compel Production of Documents from Third Party Howrey LLP were produced to Defendant Roberts and his counsel by the Department of Justice or the Securities and Exchange Commission. These exhibits are

excerpts of depositions I took on behalf of Mr. Weiss in the arbitration proceeding he initiated against McAfee styled *Kevin Weiss v. McAfee, Inc.*, American Arbitration Association No. 71 166 00038 07 (the "Arbitration"). The depositions produced to Defendant Roberts have been designated as confidential and are subject to a protective order entered in the Arbitration.[1] I was notified of McAfee's intent to produce these depositions to the government and did not object. However, I cautioned counsel for McAfee to advise the government that the materials were covered by the protective order entered in the Arbitration and should remain confidential. I was given no prior notice that the government was producing these materials to Defendant Roberts. Upon learning that Defendant Roberts had obtained these materials, I advised his counsel that they were subject to the protective order in the Arbitration and should not be disclosed. As such, Defendant Roberts has filed the foregoing exhibits under seal.

3.  The exhibits contain confidential and sensitive information related to Mr. Weiss's confidential arbitration proceeding against McAfee and should remain under seal and publicly unavailable. Disclosure of these materials will harm Mr. Weiss's competitive place in the job market and cause irreparable damage to his professional reputation by presenting one-sided, yet-to-be-adjudicated allegations and hearsay regarding the alleged reasons for his termination from McAfee. The materials used by Defendant Roberts represent only a small portion of the discovery conducted in the arbitration and do not reveal the depth and context of the evidence gathered by Mr. Weiss. Thus, public disclosure of these materials would be damaging to Mr. Weiss because the protective order governing the Arbitration precludes him from using other

---

[1] The protective order entered in the Arbitration has been filed by Defendant Roberts as Exhibit B to both the Amended and Corrected Declaration of Einat Sandman Clarke in Support of Defendant Kent Roberts' Administrative Motion to File Under Seal Portions of Defendant's Motion to Compel Production of Documents from Third Party Howrey LLP, Portions of the Declaration of William S. Freeman in Support thereof, and Exhibits D, E, F, J, K, N, O, R, S, T, & U to the Declaration of William S Freeman and the Declaration of Einat Sandman Clarke in Support of Defendant Kent Robert's Administrative Motion to File Under Seal Portions of Defendant's Supplemental Brief in Support of its Motion to Compel and Exhibit A to the Declaration of Shannon M. Eagan.

materials obtained in the Arbitration to rebut the materials presented here. Consequently, Mr. Weiss would be unable to cure or mitigate any harm or damage caused by the disclosure of the materials used by Defendant Roberts.

4. The redacted portions referencing Exhibits D and O to the Declaration of William S. Freeman and Exhibit A to the Declaration of Shannon M. Eagan of Defendant Roberts' Motion to Compel Production of Documents from Third Party Howrey and Defendant Roberts' Supplemental Brief in Support of his Motion to Compel make use of the depositions taken in the Arbitration and likewise disclose confidential and sensitive information. For the same reasons discussed above, not least of which that these depositions are subject to the protective order entered in the arbitration, these materials should remain under seal and publicly unavailable.

5. I respectfully submit that the foregoing reflects that 1) Exhibits D and O to the Declaration of William S. Freeman, Exhibit A to the Declaration of Shannon M. Eagan, and the redacted portions of Defendant Roberts' Motion to Compel Production of Documents from Third Party Howrey and Defendant Roberts' Supplemental Brief in Support of his Motion to Compel Production of Documents from Third Party Howrey referencing these exhibits are non-public, confidential information subject to the protective order entered in the Arbitration, and 2) that Mr. Weiss has taken the necessary steps to maintain the confidentiality of these materials. Therefore, these materials should remain under seal pursuant to the protective order entered in this case and Local Rule 79-5.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of March 2008, in Houston, Texas.

/s/ N. Scott Fletcher
N. Scott Fletcher